THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ROBERT GOODWIN, Plaintiff in Error.

*Opinion filed April 23, 1914.*

1. CRIMINAL LAW—*the counts for burglary and larceny may be joined in one indictment.* Counts for burglary and larceny, growing out of the same transaction, may be joined in one indictment, and the two offenses may even be joined in the same count.

2. SAME—*when corpus delicti is sufficiently established.* While the *corpus delicti* in burglary and larceny cannot be established solely by the confession of the accused, yet where, in addition to such confession, there is proof of the possession by the accused of the stolen goods and no explanation of such possession the *corpus delicti* is sufficiently proved, as it is proper to prove the *corpus delicti* by circumstantial evidence.

3. SAME—*what is not a necessary allegation in indictment for burglary of freight car in a train.* An indictment for burglary and larceny alleged to have been committed in a freight car need not necessarily allege that the car was passing over a railroad and that it could not "readily be determined in what county the offense was committed," as provided in section 11 of division 10 of the Criminal Code.

4. SAME—*rule when place of the crime can be definitely ascertained.* Where the place where a freight car in a moving train was robbed can be definitely ascertained the venue of the crime should be laid and the indictment brought in the county where such place is located.

5. SAME—*when a conviction for burglary of a freight car can not be sustained.* Where the proof shows that the place where a freight car in a moving train was burglarized was in Cook county, a conviction for such offense under an indictment laying the venue in Peoria county cannot be sustained. ·

6. SAME—*when verdict of jury cannot be corrected.* A verdict finding the defendant guilty of burglary and larceny cannot be corrected so as to apply to the larceny count, alone, except in the presence of the jury and with their assent, and, in the absence of such correction, if the conviction for burglary cannot be sustained, the judgment must be reversed as to both offenses, even though a conviction for larceny, alone, might have been upheld had the verdict been limited to that offense.

WRIT OF ERROR to the Circuit Court of Peoria county; · the Hon. N. E. WORTHINGTON, Judge, presiding.

SCHOLES, OTMAN & PRATT, (DAILY & MILLER, of counsel,) for plaintiff in error.

P. J. LUCEY, Attorney General, C. E. MCNEMAR, State's Attorney, and ARTHUR R. ROY, (GEORGE A. SHURTLEFF, and CLARENCE D. MURPHY, of counsel,) for the People.

Mr. JUSTICE CARTER delivered the opinion of the court:

The plaintiff in error was indicted by the grand jury of Peoria county, at the May term of the circuit court, 1913, for burglary and larceny. The indictment consisted of three counts. The first, for burglary and larceny by forcibly ·breaking and entering a freight car of the Atchison, Topeka and Santa Fe Railway Company with intent to steal the goods and chattels of said company; the second, for larceny of the goods and chattels of said company; and the. third, for burglary and larceny by entering the freight car of said company without force, the doors and windows being open. Plaintiff in error pleaded not guilty, and on a trial by jury a general verdict was returned finding him guilty of burglary and larceny, the value of the property stolen being $53. A judgment was entered on the verdict and plaintiff in error was sentenced to the penitentiary under the Indeterminate Sentence act. This writ of error was thereafter sued out.

Plaintiff in error was employed by said railroad company as a brakeman upon a freight train running between Corwith, in Cook county, and Chillicothe, in Peoria county. On the evening of July 23, 1912, two certain freight cars of the train on which he was brakeman were sealed at Corwith. Shortly before reaching Edelstein, in Peoria county, that same night, the seals of the two cars were discovered broken. These cars had passed through the counties of Cook, DuPage, Will, Grundy, LaSalle, Livingston, Marshall and Peoria in going from Corwith to Edelstein. The plaintiff in error and the other members of his train crew

turned over the train at Chillicothe about 3:15 o'clock on the morning of July 24. The second train crew found, a short distance before reaching Edelstein, that said two cars had been entered and various boxes opened and merchandise of different kinds scattered about said cars. Thereafter, on the plaintiff in error's room at Chillicothe being searched, thirteen shirts, three suits, eighteen new pairs of men's hose, eight new linen handkerchiefs, and other merchandise, were found. Plaintiff in error was arrested and at first denied knowledge of the crime. When taken to Peoria he admitted breaking into the cars and taking the goods. The way-car of the freight train from Corwith was changed at Chillicothe and side-tracked at that point. After his arrest plaintiff in error was taken into the way-car and in one of the bunks were found a dozen shirts. Plaintiff in error not only admitted to the agent of the company the breaking of the cars and taking of the goods, but made a sworn statement substantially to the same effect. In these statements he said that he broke the seal of one car at Willow Springs and took some of the goods out of the car between Willow Springs and Joliet while the train was moving and passed them up to another brakeman; that the seal of the second car was broken by the other brakeman at Drummond, Illinois; that plaintiff in error entered it between Joliet and Verona while the train was in motion and passed the goods up to the other brakeman. The record shows that Willow Springs is in Cook county but does not show what county Drummond, Joliet and Verona are in. Plaintiff in error did not testify at the trial. The only defense attempted was the introduction of several witnesses who testified to his good reputation.

Counsel for plaintiff in error argue that the court erred in not quashing the indictment because burglary and larceny were charged in the same indictment. This court has repeatedly held that counts for burglary and larceny may be joined in the same indictment,—that these two offenses

may even be joined in the same count. *Lyons* v. *People,* 68 Ill. 271; *Herman* v. *People,* 131 id. 594; *Love* v. *People,* 160 id. 501.

Plaintiff in error further contends that the *corpus delicti* cannot be established by the confession of the accused, alone, and that the confession of plaintiff in error was the only evidence as to the commission of either burglary or larceny. In this he is in error. The goods themselves were found in the possession of plaintiff in error shortly after the crime was committed. Possession of recently stolen property is *prima facie* evidence upon which a jury may properly convict, if such possession is unexplained. (*Waters* v. *People,* 104 Ill. 544; *Hoge* v. *People,* 117 id. 35; *People* v. *Everett,* 242 id. 628.) As we have stated, no explanation was attempted with reference to the possession of the stolen property by plaintiff in error. While it has been held that confessions, in themselves, are not sufficient to convict without other proof of the *corpus delicti,* it is not the rule that the *corpus delicti* cannot be proved by circumstantial evidence. (*People* v. *See,* 258 Ill. 152.) Circumstantial evidence may be resorted to for the purpose of proving the *corpus delicti* in the same way and to the same extent that it may be for the purpose of connecting the accused with the commission of the offense. "It is seldom that either of these can be proved by direct testimony, and therefore the fact may lawfully be established by circumstantial evidence, provided it be satisfactory." (3 Greenleaf on Evidence,—16th ed.—sec. 30; *Carroll* v. *People,* 136 Ill. 456.) Often the facts and circumstances from which the *corpus delicti* is proved are those which connect the accused with the commission of the offense. There is no invariable rule as to the *quantum* of proof necessary to establish the *corpus delicti.* Each case must depend, in a measure, upon its own particular circumstances. (*State* v. *Williams,* 80 Pac. Rep. (Ore.) 655;

*State* v. *Potter,* 52 Vt. 33.) The *corpus delicti* of the crime of larceny is satisfactorily shown in this record.

Counsel for plaintiff in error further insist that he could not be convicted under this indictment for burglary as the indictment did not charge that the crime was committed in or upon a railroad car passing over a railroad, and that it could not "readily be determined in what county the offense was committed," as provided in section 11 of division 10 of the Criminal Code. (Hurd's Stat. 1911, p. 829.) It was decided in *Watt* v. *People,* 126 Ill. 9, that it was not necessary for the indictment to state such facts, the court saying (p. 19) : "Proof of the commission of the offense in one or the other of those counties, but under circumstances which make it doubtful or difficult to determine in which, is sufficient proof of the allegation that it was committed in Grundy county. It is unnecessary for us to determine whether the second count of the indictment, in which the fact that the homicide was committed on a railroad car passing over a railroad in this State and coming into Grundy county is specially pleaded, is sufficient to sustain the conviction or not, as the other five counts are clearly sufficient, and their allegation as to the venue of the crime is sustained by sufficient and competent evidence." It appears from the record in said *Watt case* on file in the office of the clerk of this court that several of the counts in that indictment laid the venue merely in Grundy county, without charging that it was upon a railroad train.

Counsel further contend that the proof shows, without controversy, that if the crime of burglary was committed at all it was committed in Cook county, at Willow Springs, or else near Drummond, and that there is no proof as to what county Drummond is in; that such proof could easily have been made and the venue of the crime shown without difficulty; that this being so, plaintiff in error could not be convicted under said section 11 of the Criminal Code. Under the reasoning of this court in *Watt* v. *People, supra,*

it must be held that when the place of the crime can be definitely ascertained the venue of the crime should be laid and the indictment brought in that county. The court said in that case (p. 17) : "Whenever the *locus in quo* of the offense can be precisely identified, under the provisions of the section of the statute first above quoted, the trial should, of course, be had in the county where it was committed, but when such is not the case a somewhat different rule must be applied or the offender cannot be tried at all." As already stated, it was there held that the conviction was good where the offense was committed on a railroad train and the circumstances were such that the *locus in quo* could not be definitely ascertained in one of the several counties through which the train had passed. This indictment alleged the offense of burglary to have been committed in Peoria county. As the proof shows that the place of committing the offense could be definitely located, the venue must be proved as alleged. (*Moore* v. *People,* 150 Ill. 405, and cases cited.) In view of the proof in this record the cause should not have been submitted to the jury in Peoria county on the counts charging burglary.

Counsel for the People, however, argue that as the verdict was general, and covered not only burglary but grand larceny, it could be referred to the larceny count, only; that the evidence properly admissible applied only to that particular count, and the general verdict as to all the counts authorized the trial court to correct the mistake and apply the verdict to the proper count or to assume the verdict to have been so amended; that this not having been done, this court has authority to remand the cause, with leave to enter a proper judgment on the verdict sentencing the plaintiff in error for grand larceny. While there are authorities tending to support this argument, under our practice, on the record here before us, the verdict could only have been corrected so as to apply to the larceny count in the presence of the jury and with their assent. The judgment, there-

fore, cannot now be corrected in the manner suggested by the State.

For the errors indicated the judgment will be reversed and the cause remanded.      *Reversed and remanded.*