(No. 32912.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* RAY SCHRADER, Plaintiff in Error.

*Opinion filed January 20, 1954—Rehearing denied March 15, 1954.*

RAY SCHRADER, *pro se.*

LATHAM CASTLE, Attorney General, of Springfield, and BERNARD J. MORAN, State's Attorney, of Rock Island, (ROBERT A. KLOCKAU, FRED G. LEACH, and ROBERT L. BURNS, of counsel,) for the People.

Mr. CHIEF JUSTICE SCHAEFER delivered the opinion of the court:

The defendant, Ray Schrader, was indicted in the circuit court of Rock Island County for the crimes of burglary and larceny. A jury found him guilty of burglary and he was sentenced to imprisonment in the penitentiary for a term of not less than one year nor more than fifteen years. Appearing *pro se,* he prosecutes this writ of error. No bill of exceptions has been filed.

The indictment consisted of three counts. The first charged burglary, with force, on August 22, 1949, of a storehouse of the Moline Royal Crown Bottling Company with intent to steal its property. The second count also charged burglary, but differed from the first in alleging entry of the building without force. The third count charged defendant with the larceny, on August 22, 1949, of three ball point pens, "two Sheaffer Eversharp pencils" and one Shaeffer pen having an aggregate value of eighteen dollars, belonging to Ann Kolifitis.

The first alleged error requiring consideration goes to the legal sufficiency of the indictment. Defendant made a motion to quash it upon the grounds that it did not describe a crime and that it was fatally defective in charging separate, distinct and unrelated offenses. The motion was denied. Defendant concedes that the first two counts of the indictment properly charged him with the crime of burglary and that these two counts were properly joined. He insists, however, that the third count alleges a separate, distinct and unrelated offense, asserting that the first two counts charge a crime against a corporation; the third, a crime against an individual, and that there is nothing in

any of the three counts showing that the occurrences involved were part of a single transaction.

To support his contention, defendant points out that the indictment does not allege that any property was removed from the building of the Moline Royal Crown Bottling Company, nor does it charge that the personal property of Ann Kolifitis was in the building or in the possession of the company, or that she was associated with or employed by the company. Since no connection between the company and the named individual was alleged, defendant argues that the indictment shows on its face that the offenses were separate, distinct and unrelated.

It is settled that counts for burglary and larceny may be joined in the same indictment. (*People* v. *Griffin*, 402 Ill. 247; *People* v. *Fitzgerald*, 297 Ill. 264; *People* v. *Goodwin*, 263 Ill. 99.) If the two crimes are separate and distinct felonies committed in separate transactions, they should not be joined in the same indictment. (*People* v. *Fitzgerald*, 297 Ill. 264.) But if there is involved but a single transaction, the fact that the transaction may have involved both burglary and larceny does not preclude the charging of both crimes in the same indictment or even in the same count. (*People* v. *Fitzgerald*, 297 Ill. 264; *People* v. *Jones*, 291 Ill. 52.) And where, as here, there is nothing to show the contrary, it is presumed that the charges in each count relate to the same transaction. (*People* v. *McElvain*, 341 Ill. 224, 230.) As pertinently observed in *West* v. *People*, 137 Ill. 189, 198: "In prosecutions for felony, * * * the defendant can not be placed on trial for separate and distinct felonies, but he can not insist that he shall not be put upon trial on an indictment containing counts charging separate felonies, unless it affirmatively appears that they are not parts of one and the same transaction, but are separate and distinct, in law and in fact." And in *People* v. *Dougherty*, 246 Ill. 458, 463, the court said: "Even if it were not apparent upon

the face of each of these indictments that the several counts relate to the same transaction, in the absence of anything to show the contrary it would be presumed that the charges contained in each count related to the same transaction."

Defendant also argues that his motion to quash the indictment should have been sustained because the third count, which charged larceny of "two Sheaffer Eversharp pencils" was void. We need not pursue the interesting ramifications of defendant's argument, which extend into patent and trade mark fields, because the finding of guilty upon the charge of burglary was, in legal contemplation, a finding of not guilty of the charge of larceny, (*People* v. *Smithka,* 356 Ill. 624; *People* v. *Weil,* 243 Ill. 208,) and so the contention that the third count was void does not require consideration. The motion to quash the indictment was properly overruled.

Attached to the common-law record is defendant's motion to suppress certain evidence upon the ground that no search warrant had been issued on or prior to August 27, 1949, for the search and seizure of his property by a police officer of the city of Moline. Defendant contends that the trial court erred in denying this motion, but in the absence of a bill of exceptions containing the pertinent evidence we cannot determine the propriety of the denial of the motion.

Also attached to the common-law record are exhibits which contain copies of the instructions given and refused. Defendant complains of the trial judge's refusal to instruct the jury to return the following verdict form: "Under the indictment on this case the jury may, if in the judgment and belief of the jury the evidence warrants it, find the defendant: 1. Guilty of larceny, and in your verdict find the value of the property stolen, or 2. Guilty of Burglary, or 3. Guilty of burglary and larceny, and in your verdict find the value of the property stolen, 4. Not Guilty." Without setting out *verbatim* the three forms of verdict given to the jury by the trial judge it may be observed that the

first form was for a finding of guilty of burglary, the second for a finding of guilty of larceny, and the third for a finding of not guilty of burglary and larceny. The jury was directed to return its verdict in the exact words of only one of the three forms.

Defendant asserts that "the Trial Court after hearing the evidence presented by the State * * * knew beyond all reasonable doubt that the Plaintiff herein had definitely been prejudiced by the duplicity, separate, distinct and unrelated felonies contained in the indictment." This assertion is without any basis in the record before us. In our opinion the forms of verdict given were responsive to the separate charges of burglary and larceny in the indictment. The test of the sufficiency of a verdict is whether the jury's intention can be ascertained with reasonable certainty from the language used. (*People* v. *Bailey,* 391 Ill. 149; *People* v. *Orlando,* 380 Ill. 107, 114; *People ex rel. Reed* v. *Williams,* 334 Ill. 241.) The verdict satisfies these tests.

The judgment of the circuit court of Rock Island County is affirmed.

*Judgment affirmed.*