STATE OF NEVADA, on Behalf of JACK FOGLI-
ANI, Warden, Nevada State Prison, Appellant,
v. CHARLES JOSEPH CARTER, Respondent.

No. 4607

March 27, 1963                                    379 P.2d 945

[Rehearing denied April 4, 1963]

*Harvey Dickerson*, Attorney General, and *D. W.
Priest*, Chief Assistant Attorney General, of Carson
City, for Appellant.

*Charles Joseph Carter*, Pro Se.

## O P I N I O N

By the Court, THOMPSON, J.:

The state appeals from an order of the district court granting Carter's petition for a writ of habeas corpus.

The appeal is authorized by NRS 34.380 (4). Carter had initially been tried upon an information charging him, in separate counts, with the commission of two felonies relating to the same act, transaction or event; assault with a deadly weapon (NRS 200.400 (2)), and robbery (NRS 200.380). A jury was permitted to return two verdicts, one convicting Carter of assault and battery and the other convicting him of robbery. Judgment was thereafter pronounced upon each verdict and separate sentences imposed (three months in the county jail for assault and battery, a misdemeanor, and a term of not less than five nor more than seven years in the state prison for robbery, a felony). In later granting Carter's application for a writ of habeas corpus, the district court found that the mandate of NRS 173.260, "* * * but the defendant may be convicted of but one of the offenses charged, and the same must be stated in the verdict,"[1] was violated with the result that each judgment and sentence was entered without jurisdiction and was void. We agree that the assault and battery conviction was void, but for a different reason than that given by the district court. We do not agree with that court that the robbery conviction was also void and entered without jurisdiction.

An information may properly charge different offenses if they relate to the same act, transaction, or event, and the prosecutor need not elect between them. NRS 173.260 supra. State v. Womack, 68 Nev. 241, 229 P.2d 149. Correlatively, an information may not join two separate and distinct felonies occurring at different and distinct times and places. If such an information is filed, the state may be compelled, upon proper

---

[1]NRS 173.260, in full, reads: "1. The indictment or information may charge different offenses or different statements of the same offenses, under separate counts, but they must all relate to the same act, transaction or event, and charges of offenses occurring at different and distinct times and places must not be joined.

"2. The prosecution is not required to elect between the different offenses or counts set forth in the indictment or information, but the defendant may be convicted of but one of the offenses charged, and the same must be stated in the verdict."

motion, to elect upon which of the two offenses charged it will prosecute. People v. Stingley, 414 Ill. 398, 111 N.E.2d 548. The information before us discloses that each offense charged (assault with a deadly weapon and robbery) was committed upon the same victim at the same time and place; each offense related to the same "transaction or event." Therefore, joinder was proper. Thus, the trial upon the merits involved a factual situation where a single transaction may have resulted in the commission of two offenses, each of which is made punishable in different ways by different provisions of the criminal practice act. In such a case NRS 173.260 (2) contemplates that the trial court will, by proper instruction, direct the jury that the accused (if found guilty at all) "be convicted of but one of the offenses charged." If the trial court failed to so instruct the jury, error occurred.[2] In any event, it should not have allowed the jury to return two verdicts of conviction. However, this error of omission in failing to advise the jury of its obligation under NRS 173.-260 (2) is of no legal significance here because analysis reveals that Carter was in fact "convicted of but one of the offenses charged," to wit, robbery. The jury verdict purporting to convict Carter of assault and battery was a nullity and void, for he was not charged with that offense, nor is that crime "necessarily included" as a lesser offense within the charge of assault with a deadly weapon.[3] A verdict which does not determine the issues raised by a not guilty plea is void, and the court is without jurisdiction to enter judgment thereon.

---

[2]The jury instructions are not contained in the record on appeal.

[3]Where the offense charged cannot be committed without necessarily committing another offense, the latter is a "necessarily included" offense. People v. Greer, 30 Cal.2d 589, 184 P.2d 512. The "necessarily included" offense may be a lower degree of the crime charged or a minor offense of the same character. State v. Holm, 55 Nev. 468, 37 P.2d 821. As the charge of assault with a deadly weapon does not necessarily include a battery, the offense of assault and battery is not a necessarily included offense. People v. Mueller, 147 Cal.App.2d 233, 305 P.2d 178; People v. McCaffrey, 118 Cal.App.2d 611, 258 P.2d 557. Cf. State v. Feinzilber, 76 Nev. 142, 350 P.2d 399, where we indicated that an assault with intent to kill was not necessarily included within the charge of robbery.

Ex parte Booth, 39 Nev. 183, 154 P. 933, L.R.A. 1916F, 960; Ex parte Dela, 25 Nev. 346, 60 P. 217. Also we mention that, where two separate offenses relating to the same transaction or event are joined in an information, a conviction on one with no verdict on the other is an acquittal as to the other. People v. Schrader, 2 Ill.2d 212, 117 N.E.2d 786. Thus, here the finding of guilty upon the charge of robbery was, in legal contemplation, a finding of not guilty on the charge of assault with a deadly weapon.

The provision of NRS 173.260 (2) that "the defendant may be convicted of but one of the offenses charged, and the same must be stated in the verdict" precludes more than one conviction of the offenses charged and of those necessarily included within the offenses charged. It is not violated when, as here, one of the verdicts is void and the other valid. Accordingly, the assault and battery conviction, being void, is set aside. The petitioner, however, is not entitled to release so long as he is held under a valid judgment of conviction for robbery. The order of the district court granting Carter's petition for a writ of habeas corpus is reversed, and his application for habeas corpus denied.

BADT, C. J., and McNAMEE, J., concur.