GERALD ALFRED HOLLAND, Appellant, *v.*
THE STATE OF NEVADA, Respondent.

No. 5006

May 20, 1966                                    414 P.2d 590

*Charles William Johnson,* of Las Vegas, for Appellant.

*Harvey Dickerson,* Attorney General, and *Edward G. Marshall,* District Attorney, Clark County, for Respondent.

## OPINION

By the Court, ZENOFF, D. J.:

The appellant, Gerald Alfred Holland, was charged in a two count information with assault with a deadly weapon with intent to kill and assault with intent to inflict great bodily injury upon the person of Paul S. Cunningham.

On the evening of January 13, 1965, Cunningham stopped his automobile at an intersection stop sign in Las Vegas. A car drove up and blocked his car from proceeding. He testified that he then opened his car door and asked the driver of the automobile, which was blocking his path, to move on. The driver of the car sat up, leveled a revolver at Cunningham and fired it. Cunningham managed to roll out of the car before four more shots were fired. These struck the windshield and driver's seat of Cunningham's car where he had been seated.

Holland was tried before a jury and found guilty of assault with intent to inflict great bodily injury. He was sentenced to not less than one nor more than two years in the Nevada State Prison.

Appellant seeks to reverse his conviction on the grounds that proper instructions as to lesser included offenses were not given by the trial court to the jury. He requested, but was refused, an instruction under NRS 202.290, aiming or discharging firearms; and NRS 200.470, simple assault.[1]

1. NRS 175.455[2] allows a defendant in a criminal

---

[1]NRS 200.470. "An assault is an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another, and every person convicted thereof shall be punished by imprisonment in the county jail for not more than 6 months, or by a fine of not more than $500, or by both fine and imprisonment."

[2]NRS 175.455. "In all cases the defendant may be found guilty of any offense the commission of which is necessarily included in that with which he is charged, or may be found guilty of an attempt to commit the offense charged."

trial to be found guilty of any offense which is necessarily included in that with which he is charged.

In State v. Carter, 79 Nev. 146, 379 P.2d 945 (1963), and Lisby v. State, 82 Nev. 183, 414 P.2d 592 (1966), the Court enunciated the test to be followed in determining lesser included offenses. "Where the offense charged cannot be committed without necessarily committing another offense, the latter is a 'necessarily included' offense."

We must decide whether simple assault is a lesser included offense of assault with a deadly weapon,[3] and whether a violation of NRS 202.290[4] is a lesser included offense in the charge of assault with intent to kill or assault with intent to inflict bodily injury.

The defendant deliberately aimed a pistol and fired five shots into the driver's seat of Cunningham's automobile. The pattern formed by the five shots on the windshield of the automobile appeared to be such that had Cunningham remained in the driver's seat he would have been killed or seriously injured. We held in Lisby v.

---

[3]NRS 200.400. "1. An assault with intent to kill, commit rape, the infamous crime against nature, mayhem, robbery or grand larceny shall subject the offender to imprisonment in the state prison for a term not less than 1 year nor more than 14 years; but if an assault with intent to commit rape be made, and if such crime be accompanied with acts of extreme cruelty and great bodily injury inflicted, the person guilty thereof shall be punished by imprisonment in the state prison for a term of not less than 14 years, or he shall suffer death, if the jury by their verdict affix the death penalty.

"2. An assault with a deadly weapon, instrument or other thing, with an intent to inflict upon the person of another a bodily injury, where no considerable provocation appears, or where the circumstances of the assault show an abandoned and malignant heart, shall subject the offender to imprisonment in the state prison not less than 1 year or exceeding 2 years, or to a fine not less than $1,000, nor exceeding $5,000, or to both fine and imprisonment."

[4]NRS 202.290. "Every person who shall aim any gun, pistol, revolver or other firearm, whether loaded or not, at or toward any human being, or who shall willfully discharge any firearm, air gun or other weapon, or throw any deadly missile in a public place, or in any place where any person might be endangered thereby, although no injury result, shall be guilty of a misdemeanor."

State, 82 Nev. 183, 414 P.2d 592 (1966), that where the elements of the greater offense include all of the elements of the lesser offense because by its very nature, the greater offense could not have been committed without the defendant having the intent and doing the acts which constitute the lesser offense, it was not incumbent upon the court to instruct on the lesser offense if the evidence clearly shows the commission of the more serious crime charged and no other interpretation of the defendant's conduct was reasonably possible. In the instant case, there is nothing in the record to justify the finding of common assault only. Under the circumstances, a defendant who is charged with felonious assault is not entitled to an instruction on common assault. Lisby v. State, supra; People v. Morrison, 228 Cal.App.2d 707, 39 Cal.Rptr. 874 (1964) ; People v. Lain, 57 Cal.App.2d 123, 134 P.2d 284 (1943) ; State v. Watson, 364 S.W.2d 519 (Mo. 1963).

We hold, therefore, that while simple assault is a lesser included offense of assault with a deadly weapon, such an instruction is not mandatory and it was not error to refuse it in this case since the evidence clearly showed guilt above the lesser offense.

2. As to the second assignment of error relating to NRS 202.290, commonly referred to as the "aiming or discharging a firearm" statute, we are of the opinion that the legislature did not intend that aiming or discharging of firearms was to be a lesser included offense of assault charges. The former statute is, we think, focused on the negligent use of firearms in public places, i.e., the statute sets the elements out in the disjunctive, aim a pistol or discharge a firearm. An assault with a deadly weapon with intent to kill or with intent to inflict bodily injury can be committed without violating any provision of NRS 202.290. Therefore, we hold that aiming or discharging a firearm is not a lesser included offense of assault with a deadly weapon.

Affirmed.

THOMPSON, J., concurs.

WINES, D. J., concurring:

I concur in the affirmance of the Judgment and Sentence.

I would also agree that simple assault is a lesser included offense. But I do not agree that the offered instruction was properly refused because the "evidence clearly shows the commission of the more serious crime charged and no other interpretation of the defendant's conduct was reasonably possible."

The offered instruction was properly refused because there is no evidence to support the giving of such an instruction. The Appellant did not testify but the complaining witness testified that the Appellant came into view from a reclining position in the car and "his eyes looked like he had been asleep or passed out." The officer who arrested the Appellant approximately 10 minutes after the incident stated the Appellant appeared to be "intoxicated" and in a "dazed condition" and "not normal." These testimonies the Appellant argues entitle him to the offered instruction. But this evidence bears upon the Appellant's capacity to form the required specific intent and the jury was properly instructed on that issue. A trial judge should refuse an instruction when the evidence does not raise an issue but he should not, in instructing the jury, determine the probative value of the evidence submitted. The trial judge is not a trier of the facts.

I would agree that the crime defined in NRS 202.290 is not a lesser included offense when the charge is assault with intent to kill or assault with intent to inflict bodily injury.

Judge Taylor Wines was designated to sit in the place of Judge MILTON B. BADT, deceased.