## HAL RICHARDSON, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 7609

April 30, 1975                                            534 P.2d 913

*Morgan D. Harris,* Public Defender, and *Philip M. Pro,* Deputy Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *Daniel M. Seaton,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Hal Richardson was convicted of the crime of fraudulent use of credit card to obtain credit in excess of $100 and was sentenced to a term of six years in the Nevada State Prison. It is from this conviction that Richardson appeals.

Richardson's conviction stems from the use of another's credit card for hotel accommodations and entertainment while in Las Vegas, Nevada. Richardson in defense asserted that he had received permission to use the credit card from its owner by calling him from Las Vegas, and that he merely was using the card as reference when he registered, intending to pay for the room bill with his own money. On cross-examination of Richardson, the State, over the objection of opposing counsel, elicited the fact that Richardson had used the credit card in question to purchase his air fare to Las Vegas prior to calling the owner of the card. It is the admission of this evidence that Richardson claims as error on appeal, and further, that if not error in its admission, then error by the trial court in not giving a limiting instruction as to the extent of consideration to be afforded it.

The trial court prior to receiving the testimony of Richardson in regard to this evidence dismissed the jury and heard argument from both parties as to its relevancy and prejudicial effect. The trial court then made the determination that the evidence went to establishing Richardson's intent and motive at the time of presenting the credit card on registration and for this purpose it was allowed into evidence. Admission for this purpose under the facts of this case is allowed. NRS 48.-045(2); Lindsay v. State, 87 Nev. 1, 478 P.2d 1022 (1971);

Tucker v. State, 82 Nev. 127, 412 P.2d 970 (1966); Fernandez v. State, 81 Nev. 276, 402 P.2d 38 (1965); Wallace v. State, 77 Nev. 123, 359 P.2d 749 (1961); State v. Cerfoglio, 46 Nev. 332, 205 P. 791 (1923). The trial court by dismissing the jury to determine whether the probative value of the evidence outweighed its prejudicial impact complied with Nester v. State, 75 Nev. 41, 334 P.2d 524 (1959); see also Lindsay v. State, supra.

Under the circumstances of this case the failure of counsel to request a limiting instruction waives the right to complain of the failure to give such an instruction. Wallace v. State, supra; cf. Mears v. State, 83 Nev. 3, 422 P.2d 230 (1967).

Affirmed.