ELGIE JAMES ALLEN, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 8194

September 17, 1975                    540 P.2d 101

*Morgan D. Harris,* Public Defender, and *Thomas M. Burns,* Deputy Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *H. Leon Simon,* Chief Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

A jury found the appellant, Elgie James Allen, guilty of robbery and the use of a deadly weapon during the commission of a crime. He was sentenced to serve 10 years on each charge in

the Nevada State Prison, said sentences to run consecutively. However, the district judge suspended the execution of the sentences for a period of 5 years, with the condition that Allen be placed on probation for that period and that he serve 1 year in the county jail.

Appellant Allen seeks reversal of his judgment of conviction on the ground that the testimony of Officer Robert Michael Allen regarding certain admissions made by Appellant Allen violated his rights under the Fifth Amendment to the United States Constitution. During the hearing on appellant's pretrial motion to suppress, Officer Allen testified in substance that, after advising Appellant Allen twice of his rights under Miranda v. Arizona, 384 U.S. 436 (1966), he asked him why he did it (committed the robbery) and he replied that he had no money and wished to return to his home (in Pennsylvania); that he had no intention to harm the victim of the robbery. The trial judge denied the appellant's pretrial motion to suppress, and the officer's testimony was presented to the jury.

1. Appellant urges that his admissions to Officer Allen pursuant to custodial interrogation were elicited in violation of his privilege against self-incrimination. Appellant contends that, while he was informed of his rights and he understood them, he never expressly rejected or waived such rights, as no specific question to that effect was asked by the officer. The appellant further contends that such failure ran counter to the dictates of Miranda and thus rendered his statements inadmissible, as obtained in violation of his rights under the Fifth Amendment. The State acknowledges the custodial status of said appellant at the time the statements were made. Such is not in issue.

The facts of the instant case show that, prior to any questioning, the appellant was twice informed of his rights, as per Miranda, and that appellant indicated that he understood those rights. The court in Miranda, *supra,* 384 U.S. at 444, went on to say: "The defendant may waive effectuation of these rights, provided the waiver is made voluntarily, knowingly and intelligently."

In United States v. Hayes, 385 F.2d 375 (4th Cir. 1967), the appellant predicated his appeal on the assertion that, as a matter of law, in the absence of an express statement of waiver, he could not have made an intelligent, knowledgeable, and voluntary waiver of his Fifth and Sixth Amendment rights. The court, in response, quoting Narro v. United States, 370 F.2d 329 (5th Cir. 1966), stated, 385 F.2d at 377: " '. . . [T]he

cases in which it is clear that the warnings have been given must be considered on their own facts in order to determine the question of waiver. . . .' " The court further stated, at 378:

". . . Of course, the attendant facts must show clearly and convincingly that he did relinquish his constitutional rights knowingly, intelligently and voluntarily, but a statement by the defendant to that effect is not an essential link in the chain of proof. . . .

"*Miranda* admonishes: 'The warning required and the waiver necessary in accordance with our opinion today are, *in the absence of a fully effective equivalent,* prerequisites to the admissibility of any statement made by a defendant.' (Emphasis supplied.) Miranda v. . . . Arizona, . . . 384 U.S. at 476, [parallel cite omitted]. We simply decide today that strong and unmistakable circumstances, upon occasion, may satisfactorily establish such an equivalent."

The underlying facts of the instant case are even more conclusive as evidence of a knowing waiver of the Miranda rights. Appellant, unlike Hayes, was specifically asked if he understood the rights as given, and his response was in the affirmative. It is noteworthy that at no stage in the proceedings has appellant denied that he understood the warnings given him. His contention of violation for failure to specifically inquire if he waived his rights loses credence in light of United States v. Hayes, *supra.* In accord are United States v. Thompson, 417 F.2d 196, 197 (4th Cir. 1969); and United States v. McDaniel, 463 F.2d 129, 136 (5th Cir. 1972).

The court in United States v. Lamia, 429 F.2d 373, 377 (2d Cir. 1970), further interpreted the waiver issue in stating: "We find that his affirmative response to Agent Myers' question regarding his understanding of his rights, as well as his subsequent actions, were a voluntary and knowing waiver of his rights."

The Supreme Court of California dealt with a similar question as to the interpretation of a Miranda waiver in People v. Johnson, 450 P.2d 865, 876 (1969), wherein the court stated:

"Once the defendant has been informed of his rights and indicates that he understands those rights, it would seem that his choosing to speak and not requesting a lawyer is sufficient evidence that he knows of his rights and chooses not to exercise them."

In a case following People v. Johnson, *supra,* People v. Rice, 89 Cal.Rptr. 200, 208 (Cal.App. 1970), the court spoke to the specific point of contention as in the instant case in stating:

"In the present case the appellant was advised of his *Miranda* rights as set out in the statement of facts above. When asked if he understood his rights, he replied, 'Yes, I do.' in light of *Johnson,* appellant was given a proper advisement and his affirmative answer that he understood the advisement was sufficient to constitute a waiver."

In two recent Nevada cases, this court has interpreted the Miranda decision. In Anderson v. State, 86 Nev. 829, 835, 477 P.2d 595, 599 (1970), this court stated:

". . . Anderson was advised of his Miranda rights no less than three times and on each occasion he said he clearly understood his rights and knew them better than the officers. . . . We have reviewed the record in depth on this point and cannot find any, let alone substantial, violation of his Miranda rights." Cf. Goldstein v. State, 89 Nev. 527, 516 P.2d 111 (1973).

Reviewing the facts of the instant case, we are confronted with a situation wherein the appellant was twice provided with the four-point Miranda advisement, the appellant twice promptly stated that he understood his rights, his statements were voluntary, and there exists no coercion, deception, lengthy interrogation, or any claim of lack of intelligence.

We conclude, therefore, as did the trial judge, that appellant's statements elicited and introduced into evidence were properly obtained and consistent with his rights under the Fifth Amendment to the United States Constitution.

The judgment of conviction is affirmed.