CHRISTOPHER GARY LARSEN, Appellant, v.
STATE OF NEVADA, Respondent.

No. 8677

July 13, 1977                    566 P.2d 413

*Jack J. Pursel,* Las Vegas, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, *Rene Arceneaux* and *Rimantas A. Rukstele,* Deputy District Attorneys, Clark County, for Respondent.

# OPINION

*Per Curiam:*

Appellant stands convicted by jury of first degree murder (NRS 200.030), kidnapping (NRS 200.310), use of a deadly weapon in the commission of a crime (NRS 193.165), and battery with use of a deadly weapon (NRS 200.481). Here, he contends (1) his right against self-incrimination was violated, (2) he cannot be convicted of felony murder, and (3)

the trial court erred by not instructing the jury on a lesser included offense. We disagree.

In June of 1974, appellant, together with Jerry Hayes and Gene Garcia, drove to Arizona to purchase marijuana for resale in Nevada. During the trip, appellant went to sleep in a motel and, upon awakening, discovered the two companions along with his $1,000 were gone. Upon returning to Las Vegas, appellant, accompanied by one Hulett and Berdine, went to an apartment to abduct Hayes, who they hoped would disclose Garcia's whereabouts. While Berdine waited in a car, appellant and Hulett, both of whom were armed, entered the apartment. During the course of Hayes' abduction, Robert Wellman unexpectedly entered the apartment and was shot by Hulett. Appellant and Hulett then took Hayes away in the waiting automobile.

1. Appellant's first contention is directed at testimony by Lawrence Leavitt, a deputy district attorney, regarding statements made to him by appellant. Upon his arrest, appellant was immediately advised of his rights in accordance with Miranda v. Arizona, 384 U.S. 436 (1966). Additionally, because Leavitt had represented appellant prior to becoming a deputy district attorney, he was repeatedly admonished that Leavitt was at that time in the same relative position to him as a police officer, no confidential relationship existed, and anything he told Leavitt could be used against him. Appellant specifically stated he understood his rights and the official position of Leavitt, but nevertheless proceeded to make incriminating statements. Under these limited circumstances, we do not believe appellant's statements were improperly obtained; thus, we perceive no infringement of his rights under the Fifth Amendment to the United States Constitution. Allen v. State, 91 Nev. 568, 540 P.2d 101 (1975).

2. Because a jury in a previous trial found appellant's co-defendant Hulett only guilty of first degree kidnapping, appellant contends that, pursuant to the doctrines of res judicata and collateral estoppel, he cannot be convicted under our felony murder statute, NRS 200.030(2)(b).[1] It is the general

---

[1] NRS 200.030(2)(b) provides:

"2. Murder of the first degree is murder which is:

". . .

"(b) Committed in the perpetration or attempted perpetration of rape, kidnapping, arson, robbery, burglary or sexual molestation of a child under the age of 14 years; . . ."

rule, which is applicable here, that a judgment of conviction or acquittal of a co-defendant does not operate as res judicata or collateral estoppel in the subsequent trial of the defendant, even though the charges against both arose out of the same transaction.[2] United States v. Musgrave, 483 F.2d 327 (5th Cir. 1973), *cert. denied,* 414 U.S. 1023 (1973); Schleiss v. State, 239 N.W.2d 68 (Wis. 1976); Annot., 9 A.L.R.3d 203 (1966).

3. Finally, appellant contends the trial court should have instructed the jury on false imprisonment because that crime is a lesser included offense of kidnapping. The contention is rejected because appellant failed to request such an instruction (Gebert v. State, 85 Nev. 331, 454 P.2d 897 (1969)); and, the trial court was not required to give it, *sua sponte,* because the evidence clearly showed guilt beyond the lesser offense. Holland v. State, 82 Nev. 191, 414 P.2d 590 (1966); Lisby v. State, 82 Nev. 183, 414 P.2d 592 (1966).

Affirmed.

---

[2]There may be special circumstances which warrant deviation from this rule. *See, e.g.* People v. Taylor, 527 P.2d 622 (Cal. 1974). However, none are demonstrated by the record before us.