## VERNON LEROY HOLLIS, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 10719

October 15, 1979                           601 P.2d 62

[Rehearing granted November 13, 1979. Opinion on Rehearing, see 96 Nev.Adv.Opn. 50 (1980).]

*William N. Dunseath,* Public Defender, and *Michael B. McDonald,* Deputy Public Defender, Washoe County, for Appellant.

*Calvin R. X. Dunlap,* District Attorney, and *John L. Conner,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

A jury convicted Hollis of burglary. He had elected to represent himself with the aid of the public defender's office to assist in the preparation of all legal documents and in obtaining pertinent legal books. Although he does not challenge the proof of his guilt, he does ask that we set aside his conviction and order another trial, contending primarily that the waiver of his sixth amendment right to counsel was ineffective. We turn to discuss this assigned error, as well as other subordinate claims of error.

1. A defendant in a state criminal trial has the constitutional right to defend himself without counsel when he voluntarily and intelligently elects to do so. Faretta v. California, 422 U.S. 806 (1975); Bishop v. State, 95 Nev. 511, 597 P.2d 273 (1979).[1] When he elects to conduct his own defense he relinquishes the benefits associated with the right to counsel. The discrepancy between the legal skills of a layman and those of a licensed practitioner cause trial judges zealously to protect the right to counsel and to guard against a hasty or improvident waiver of counsel. In short, the accused must be made aware of the danger and disadvantages of self-representation and make his choice with his eyes open.

In the matter at hand, Hollis requested the court to allow him to represent himself with the aid of the public defender's

---

[1]Nev. Const. art 1, § 8: "[T]he party accused shall be allowed to appear and defend in person, and with counsel . . . ."

office to assist in the preparation of all legal documents and in obtaining pertinent legal books. The court entered such an order.

Thereafter and until trial, a deputy public defender did supply Hollis with law books.[2] The thrust of Hollis' complaint is that he did not receive all of the books he requested. It is his contention that his waiver of counsel was upon the condition that he receive all legal materials requested and that the condition was accepted by the court but not thereafter honored. Consequently, his waiver of the right to counsel was ineffective. With regard to this contention he relies heavily upon People v. Carter, 427 P.2d 214 (Cal. 1967). In Carter it was determined that the defendant did not effectively waive his right to counsel, and since his trial and conviction occurred without counsel, the Supreme Court of California reversed. There, the defendant conditioned his waiver of the right to counsel upon the use of a law library. This happened on the day trial was to commence. The trial court did not accept the condition and allowed the trial to proceed to conclusion in the absence of defense counsel.

The California court noted that a waiver which is made conditional by a defendant cannot be effective unless the condition is accepted by the court. Moreover, that court observed that the failure of the trial judge specifically to reject the condition caused the defendant to believe that he would be permitted meaningful access to library facilities.

The case at bar is factually dissimilar to Carter. Here, the court accepted the conditional waiver, and meaningful access to legal materials was provided to the defendant by the deputy public defender. The waiver of his sixth amendment right to counsel was voluntarily and intelligently made.

Neither do we perceive a denial of due process within the intendment of Bounds v. Smith, 430 U.S. 817 (1977). There, the United States Supreme Court ruled that due process demands that prisoners have access to the courts, which requires prison authorities to assist in the preparation and filing of meaningful legal papers by providing adequate law libraries or adequate assistance from persons trained in the

[2]Hollis was provided with pertinent volumes of Nevada Revised Statutes, Major Changes in Nevada Evidence Rules, The Criminal Law Handbook for Nevada, Federal Rules of Criminal Procedures, Vols. I and II of Wharton, Criminal Law Procedures, Successful Techniques in the Trial of Criminal Cases, and other materials.

law. In the instant matter, meaningful legal materials were provided to the defendant. Cf. Wolfe v. State, 95 Nev. 240, 591 P.2d 1155 (1979) (where such materials were not provided, and we deemed the constitutional error harmless in the context of that case).

The appellant appears to suggest that the Farretta and Bounds cases, when read together, authorize a defendant to condition the waiver of his right to counsel upon access to a law library, or upon being supplied with pertinent legal materials. Bounds was decided in a post-conviction setting and held that prisoners must be provided with adequate law libraries or with adequate assistance from persons trained in the law. That decision was not concerned with the right to counsel at trial, nor with a voluntary and intelligent waiver of that right. Neither Bounds nor our decision in Wolfe v. State, supra, should be read to mean that a defendant may impose conditions upon the waiver of his right to counsel. Of course, the trial judge must make the defendant aware of the dangers and disadvantages of self-representation. However, that judge should not allow the defendant to dictate the terms upon which he is willing to waive counsel, for when that occurs it is reasonably certain that an assertion will be made following conviction that the terms of the waiver were not fulfilled.

2. Evidence was received of another crime committed by Hollis. Although Hollis did not challenge the admissibility of that evidence, he claims that the trial court erred in failing to instruct the jury as to the limited purpose for which that evidence was admissible. Since he did not request such an instruction he waived his right later to complain. Richardson v. State, 91 Nev. 266, 534 P.2d 913 (1975).

3. It is asserted that the trial court should have instructed the jury on the lesser included offense of trespass. He did not request that instruction, and may not now complain. Larsen v. State, 93 Nev. 397, 566 P.2d 413 (1977).

4. Other assigned errors have been considered and are without merit.

Affirmed.

MANOUKIAN and BATJER, JJ., concur.

MOWBRAY, C. J., concurring in the result:

I concur in the result reached by the majority because I believe that, in this case, appellant was provided with adequate access to legal materials to present an effective defense. Wolfe

v. State, 95 Nev. 240, 591 P.2d 1155 (1979). I write separately in order to express my disagreement with the breadth of the majority's holding.

The majority recognizes that an accused has a constitutional right to defend himself without counsel when he voluntarily and intelligently elects to do so. *Ante* at 1–2. Yet, when an accused voluntarily and intelligently decides that he requires access to legal materials in order to present that defense, the majority, without citation, holds that a judge "should not allow the defendant to dictate the terms upon which he is willing to waive counsel, for when that occurs it is reasonably certain that an assertion will be made following conviction that the terms of the waiver were not fulfilled." I cannot endorse such a far reaching proposition.

Furthermore, the majority's statement that when a defendant "elects to conduct his own defense he relinquishes the benefits associated with the right to counsel," *ante* at 2, sweeps too broadly. Certainly, a defendant who chooses to represent himself relinquishes the right to have an experienced, or at least competent, professional present his case, as well as the advantages of secretarial and investigative services. But it is equally clear, as in the instant case, that the defendant does not *necessarily* give up the right to present the most effective defense of which he is capable. Of course, access to legal materials is essential to the preparation of any defense. The majority seems to suggest that a defendant may "knowingly and intelligently" waive his right to counsel with no assurance that he will be provided with access to any legal materials at all. With this I cannot agree.

I see no reason to distinguish this case from Bounds v. Smith, 430 U.S. 817 (1977). Although *Bounds* dealt with a post-conviction situation, it does not seem logical to grant access to law libraries to prisoners, so that they may attack their convictions collaterally, but not to defendants in criminal trials. As I read *Bounds,* the states are required "to provide indigent inmates with access to a reasonably adequate law library for preparation of legal actions," Wolff v. McDonnell, 418 U.S. 539, 578–79 (1974), whether they are being held after conviction or awaiting a trial in which they will be representing themselves. The demands of equal protection of the laws cannot be satisfied with less.

GUNDERSON, J., concurs.