VIVIAN TAYLOR, Appellant, *v.* THE STATE
OF NEVADA, Respondent.

No. 12027

April 30, 1980                                    609 P.2d 1238

*Morgan D. Harris,* Public Defender, and *Kirk B. Lenhard,* Deputy Public Defender, Clark County, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *James Tufteland,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Appellant Vivian Taylor was convicted of grand larceny, a

felony under NRS 205.220, and sentenced to an 8-year term of imprisonment. In this appeal, she contends (1) the district court should have suppressed testimony regarding incriminating statements she made to a police officer because the statements were made too long after she was given her *Miranda* rights, (2) the district court erred in refusing to instruct the jury regarding her burden of disproving the state's case, and (3) the evidence was insufficient to support the verdict.

Raymond Sanchez, the victim, met Taylor at the Orbit Inn in Las Vegas. After a brief conversation Sanchez and Taylor agreed to go to Sanchez's room where Taylor was to perform certain sexual services for Sanchez for $20. After they entered the room Sanchez undressed and, in the presence of Taylor, put his wallet underneath the mattress. He then went into the bathroom to wash up, leaving Taylor alone in the bedroom. Later, while he was getting dressed, Sanchez discovered that his wallet was no longer under the mattress. Instead, he found it among some clothes in another location, with approximately $800 missing.

Taylor, who was still in the room, denied taking the money. Sanchez then summoned the police. Officer Hans Janik soon arrived at Sanchez's room and placed Taylor under arrest. At this time, he advised Taylor of her rights under Miranda v. Arizona, 384 U.S. 436 (1966). Taylor was then transported to the county jail, where Detective John Chapman again advised her of her *Miranda* rights. Subsequently, in the district attorney's office, Officer Kent Clifford conversed with Taylor after informing her that she had the right to the presence of an attorney. During the course of this conversation with Clifford, Taylor stated that she had taken $195 from the victim, and turned the money over to Clifford. The incriminating statements were made about 3 hours after Chapman had given Taylor her *Miranda* rights. At the trial, Clifford related these statements over Taylor's objection.

1. Taylor contends that the district court erred in denying her motion to suppress the statements she made to Officer Clifford. She argues the statements should have been excluded because they were made "hours after the *Miranda* warnings were given to her."

This contention is without merit. Where the accused has been fully and fairly apprised of his *Miranda* rights, there is no requirement that the warnings be repeated each time the questioning is commenced. State v. Allen, 535 P.2d 3 (Ariz. 1975); State v. Boyle, 486 P.2d 849 (Kan. 1971); State v. Gilcrist, 590 P.2d 809 (Wash. 1979). All that is required is that the accused

be initially advised of his rights and that he understands them at the time of the interrogation. State v. Allen, *supra*.

Here, the record indicates that Taylor was fully and fairly advised of her *Miranda* rights before she made the incriminating statements to Officer Clifford. She makes no allegation that she misunderstood her rights or that the statements were the result of coercion or deception. Thus, her statements were properly admitted at the trial. *See* Allen v. State, 91 Nev. 568, 540 P.2d 101 (1975).

2.   Taylor also contends the district court erred in refusing to instruct the jury that a defendant can disprove the state's case by a mere preponderance of the evidence. The court instructed the jury that the state had the burden of establishing every material element of the crime with which Taylor was charged beyond a reasonable doubt, and then defined reasonable doubt in the language of NRS 175.211(1).[1] This was the proper instruction regarding the burden of proof necessary to support a conviction. Cutler v. State, 93 Nev. 329, 566 P.2d 809 (1977). Thus, no error occurred when the court refused to give Taylor's proposed instruction, which did not add anything with any degree of precision on a question of importance in the case. *See* Roland v. State, 96 Nev. 300, 608 P.2d 500 (1980).

3.   Finally, we reject Taylor's contention that the evidence was insufficient to support the conviction. The record reveals substantial evidence to support the verdict in this case. Wicker v. State, 95 Nev. 804, 603 P.2d 265 (1979).

Affirmed.

---

[1]NRS 175.211(1) states:

A reasonable doubt is one based on reason. It is not mere possible doubt, but is such a doubt as would govern or control a person in the more weighty affairs of life. If the minds of the jurors, after the entire comparison and consideration of all the evidence, are in such a condition that they can say they feel an abiding conviction of the truth of the charge, there is not a reasonable doubt. Doubt to be reasonable must be actual and substantial, not mere possibility or speculation.