LAWRENCE FRANKLIN HAYDEN, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 7799

**July 23, 1975**                **538 P.2d 583**

*Morgan D. Harris,* Public Defender, and *Theodore J. Manos,* Deputy Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General, *George Holt,* District Attorney, and *Daniel M. Seaton,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Lawrence Franklin Hayden was convicted of robbing two Las Vegas Motels and is now incarcerated, under concurrent five year sentences, in the Nevada State Prison.

In asking us to reverse, his central contention is that the convictions cannot stand because there was no proof that he used a gun or other weapon or that either of the crimes were perpetrated via the use of ". . . violence or fear of injury," as contemplated by NRS 200.380. The contention is without merit.

Mrs. Strum, co-owner and manager of Travelodge Motel, testified that Hayden came into the motel office about midnight, October 13, 1973, stated he was desperate and said: "I want your money." She gave Hayden the money from the cash drawer, noting she could only see one of his hands; that she was scared and afraid of what might happen; and, that she did not know whether she was going to be tied up or killed.

Mrs. Ard, working alone as the desk clerk at the Downtowner Motel, testified that she was very frightened and gave

Hayden money after he came into the office about 3:25 a.m., October 16, 1973, and said he had to rob her. She said: "You must be kidding," Hayden replied: "No, lady, I'm not kidding . . . Don't try anything funny."

1. "Robbery is felonious and violent taking away from the person of another, goods or money to any value, putting him in fear." 1 Hawkins' Pleas of the Crown 212 (8th Ed. 1824). This definition was carried forward in IV Cooley's Blackstone 1404 (4th Ed. 1899), and recognized by this court in State v. Luhano, 31 Nev. 278, 284, 102 P. 260, 262 (1909), wherein we said: "It is unnecessary to prove both violence and intimidation. * * * 'If the fact be attended with circumstances of terror, such threatening word or gesture as in common experience is likely to create an apprehension of danger and induce a man to part with his property for the safety of his person, it is robbery.' It is not necessary to prove actual fear, as the law will presume it in such a case."[1]

2. Hayden also complains for the first time on appeal, about some of the prosecutor's remarks during jury argument.

"Since the prosecutor's remarks were not considered serious enough to provoke timely objection by defense counsel, they will not be considered at this time. Bonnenfant v. State, 86 Nev. 393, 469 P.2d 401 (1970). We need not consider if the remarks were either improper or prejudicial, because the failure to move to strike, move for a mistrial, assign misconduct or request an instruction, will preclude appellate consideration. See Clark v. State, 89 Nev. 392, 513 P.2d 1224 (1973), and cases cited therein." Walker v. State, 89 Nev. 568, 569, 516 P.2d 739 (1973).

Affirmed.

---

[1]The robbery statute in effect in 1909 (Comp. Laws, 4714) has, by legislative amendments, been rewritten and expanded into its current form; nevertheless, the rationale enunciated in *Luhano* is equally applicable to NRS 200.380. Compare: 1911 C&P § 162; RL § 6427; NCL § 10109; Stats. of Nev. 1961, p. 53; Stats. of Nev. 1967, p. 470.