DENNIS ROY PATTERSON, Appellant, v. SHERIFF, CLARK COUNTY, NEVADA, Respondent.

No. 9621

April 21, 1977                                     562 P.2d 1134

Morgan D. Harris, Clark County Public Defender, and Terrence M. Jackson, Deputy, Las Vegas, for Appellant.

Robert List, Attorney General, Carson City; George E. Holt, District Attorney, and J. Michael McGroarty, Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

At the conclusion of a preliminary examination, Dennis Roy Patterson was ordered to stand trial for robbery and battery with intent to commit robbery, felonies under NRS 200.380 and 200.400. Thereafter, in a pretrial petition for a writ of habeas corpus, Patterson contended that insufficient evidence was produced at the preliminary examination to establish probable cause to believe he perpetrated the battery with intent to commit robbery.[1] The district judge denied habeas, and in this appeal Patterson advances the same contention.

On December 27, 1976, Patterson allegedly seized a woman's purse. He was immediately grabbed by the woman's companion. The two men struggled, with Patterson striking the male victim, and they ultimately crashed through a plate glass window. The battery charge is predicated on this encounter. Patterson argues the charge is impermissible, because any force he may have used during the struggle was intended solely to effectuate his escape.[2] We disagree.

While Patterson's conduct was sufficient to constitute the crime of robbery, that robbery was still in progress when the battery occurred. Where "one snatches property from the hand of another and uses force or intimidation to prevent an immediate retaking . . . this is all one transaction and constitutes robbery." R. Perkins, Criminal Law 284 (2d ed. 1969) (citation omitted). *Cf.* Norman v. Sheriff, 92 Nev. 695, 558 P.2d 541 (1976). Furthermore, it is irrelevant whether Patterson intended the battery to effectuate his escape or to prevent the purse from being retaken, since the latter purpose was in fact served. In *Norman,* this court held that defendants' use of force against their victim, even if not primarily intended to aid the robbery, supported the charge, since that force did in

---

[1] The robbery charge was not challenged.

[2] NRS 200.380(1), the statute defining robbery, provides in part that "force or fear must be used to obtain or retain possession of the property, or to prevent or overcome resistance to the taking. . . . If used merely as a means of escape, it does not constitute robbery."

fact aid the robbery. Accordingly, Patterson's act of striking his captor would in the circumstances of this case properly subject him to liability for battery with intent to commit robbery.
Affirmed.