ERIC LEO MANGERICH, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 9247

December 30, 1977                           572 P.2d 542

*Morgan Harris,* Public Defender, and *Terrence M. Jackson,* Deputy Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General, Carson City; *George Holt,* District Attorney, and *H. Leon Simon,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, GUNDERSON, J.:

Appellant stands convicted by jury of robbery. NRS 200.-380(1).[1] His primary contention is no robbery occurred

---

[1]NRS 200.380(1) provides in part:

"Robbery is the unlawful taking of personal property from the person of another, or in his presence, against his will, by means of force or violence or fear of injury, immediate or future, to his person or property, or the person or property of a member of his family, or of anyone in his company at the time of the robbery. Such force or fear must be used to obtain or retain possession of the property, or to prevent or

because force, violence, or fear was not utilized to obtain or retain possession of personal property of another. We disagree.

Appellant entered a 7–11 store in Las Vegas, said "good morning" to the female clerk, placed a ski mask over his head, and stated: "Give me all the money." The clerk testified she was very frightened, gave appellant the money, and afterwards was told she would not be hurt if she locked herself in the back room.

1.  Appellant first argues his conduct was not robbery because the clerk's fear was unreasonable in the circumstances. Of course, "[t]he courageousness or timidity of the victim is irrelevant; it is the acts of the accused which constitute intimidation." United States v. Alsop, 479 F.2d 65, 67 (9th Cir. 1973). The standard is objective. "If the fact be attended with circumstances of terror, such threatening word or gesture as in common experience is likely to create an apprehension of danger and induce a man to part with his property for the safety of his person, it is robbery." Hayden v. State, 91 Nev. 474, 476, 538 P.2d 583, 584 (1975). Certainly, the appearance of a strange man in a ski mask demanding money could cause a reasonable clerk to fear for her safety and relinquish property. Cf. United States v. Robinson, 527 F.2d 1170 (6th Cir. 1975); State v. Stephens, 186 P.2d 346 (Ariz. 1947); and Flagler v. State, 198 So.2d 313 (Fla. 1967).

2.  We also reject appellant's argument that force or fear was used to perfect his escape rather than to retain possession of the stolen property. Where one "uses force or intimidation to prevent an immediate retaking . . . this is all one transaction and constitutes robbery. . . . [I]t is irrelevant whether [Mangerich] intended the [threat] to effectuate his escape or to prevent the [money] from being retaken, since the latter purpose was in fact served." Patterson v. Sheriff, 93 Nev. 238, 239, 562 P.2d 1134, 1135 (1977).

Appellant's other contentions are without merit.

Affirmed.

BATJER, C. J., and MOWBRAY, THOMPSON, and MANOUKIAN, JJ., concur.

---

overcome resistance to the taking, in either of which cases the degree of force is immaterial. If used merely as a means of escape, it does not constitute robbery."