## WALTER LAWRENCE DALIE, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 9565

January 25, 1978                                    574 P.2d 271

*Morgan D. Harris,* Public Defender, and *James B. Gibson* and *George E. Franzen,* Deputy Public Defenders, Clark County, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *H. Leon Simon,* Chief Appellate Deputy, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Appellant was convicted, by jury verdict, of robbery (NRS 200.380) and assault with intent to commit murder (NRS 200.010, NRS 208.070), and, pursuant to NRS 193.165, received an enhanced sentence for use of a deadly weapon in commission of the robbery.[1] Appellant contends we are compelled to reverse because (1) the evidence was insufficient to

[1] NRS 193.165 provides, in pertinent part:

"1. Any person who uses a firearm or other deadly weapon in the commission of a crime shall be punished by imprisonment in the state prison for a term

sustain his conviction for robbery, (2) the evidence was insufficient to support the finding he used a deadly weapon in the commission of the robbery, and (3) the district court erred in failing to properly instruct the jury. We disagree.

On June 11, 1976, appellant approached a cashier at the Thrifty Drug Store on E. Charleston Boulevard in Las Vegas, Nevada, to buy some candy. The cashier took his money and, "as [she] turned to give him his change . . . [she] hit a gun and [appellant] reached in and grabbed the [money]." The cashier began screaming and two employees ran to her assistance. Meanwhile, appellant ran out the door, jumped into a waiting Ford Mustang, and sped away. The cashier told the two employees what had occurred, and the employees pursued the Mustang in their own van. As the employees approached the rear of the Mustang, appellant leaned out the window and fired two shots, one of which hit the van's radiator, forcing the employees to abandon their pursuit. Appellant was arrested several days later in New Hampshire.

1. Appellant contends his robbery conviction was not supported by the evidence. He admits he committed a crime in taking the money, but argues the crime was larceny instead of robbery because there was no proof that the money was taken by use of "force . . . or fear of injury," as contemplated by NRS 200.380.[2] The thrust of his argument is that the taking of the money had already occurred when the cashier first noticed the gun, thus, the gun was not "used" to perpetrate the crime.

On direct examination, the cashier testified that she was aware of the presence of the gun before appellant reached for the money, and further, that she was "frightened." In our view, the jury could properly conclude from this evidence that the money was taken by "force . . . or fear of injury" and, accordingly, appellant's conviction will not be disturbed. *See* Watkins v. State, 93 Nev. 100, 560 P.2d 921 (1977); Hayden v. State, 91 Nev. 474, 538 P.2d 583 (1975); State v. Childs, 422 P.2d 898 (Kan. 1967). *Cf.* Mangerich v. State, 93 Nev. 683, 572 P.2d 542 (1977).

---

equal to and in addition to the term of imprisonment prescribed by statute for such crime. The sentence prescribed by this section shall run consecutively with the sentence prescribed by statute for such crime."

[2]NRS 200.380 provides, in pertinent part:

"1. Robbery is the unlawful taking of personal property from the person of another, or in his presence, against his will, by means of force or violence or fear of injury, immediate or future, to his person or property, or the person or property of a member of his family, or of anyone in his company at the time of the robbery. Such force or fear must be used to obtain or retain possession of the property, or to prevent or overcome resistance to the taking, in either of which cases the degree of force is immaterial. If used merely as a means of escape, it does not constitute robbery."

2. Appellant next argues the evidence was insufficient to support the finding that he used a deadly weapon in commission of the robbery.

The jury, by its verdict, found that appellant had used a deadly weapon in the commission of a crime and the record clearly supports that finding. Thus, we will neither disturb the verdict nor set aside the judgment in this appeal. *See* Sanders v. State, 90 Nev. 433, 529 P.2d 206 (1974).

3. Finally, appellant contends the district court should have instructed the jury on the definition of "use" as that word is used in NRS 193.165. Because of appellant's failure to request such an instruction at trial, we decline to consider the contention. Larsen v. State, 93 Nev. 397, 566 P.2d 413 (1977).

The district court judgment is affirmed.[3]

[3]The Chief Justice designated HON. DAVID ZENOFF, Chief Justice (Retired), to sit in this case, Nev. Const. art 6, § 19; SCR 244.