**STATE of Maine**

v.

**Raymond H. YOUNG.**

Supreme Judicial Court of Maine.

Aug. 21, 1978.

Henry N. Berry, III, Dist. Atty., Peter G. Ballou (orally), Deputy Dist. Atty., Portland, for plaintiff.

Richardson, Hildreth, Tyler & Troubh by Ronald D. Russell (orally), Portland, for defendant.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD, DELAHANTY, GODFREY and NICHOLS, JJ.

ARCHIBALD, Justice.

Raymond Young was convicted of robbery after a jury trial in Cumberland County and has appealed. He contends that the trial Court erred in denying his timely motions for acquittal and for a new trial, and erred in refusing one of his requested jury instructions.

We deny the appeal.

## FACTS

On May 7, 1977, at about 9:00 p. m., appellant entered the Highland Market in Portland, which was owned by Photios Hasiotis. The owner and his wife were both in the store and were familiar with the appellant, who had once lived in the neighborhood.

Young ordered Italian sandwiches and then walked to a beer cooler and took out a six-pack of beer, returning to a position in the vicinity of the cash register, remaining in that position holding the beer for a few minutes. Mrs. Hasiotis was preparing the sandwiches and Mr. Hasiotis requested appellant to "put the beer on the counter and to pay. When I told him that he started to run with the beer." Appellant then made an exit through the store door but Mr. Hasiotis ran up behind him and seized him as he was on the outside step of the store doorway. Appellant then dropped the six-pack of beer on the step, turned and struck Mr. Hasiotis, causing him to relinquish his grasp and, without picking up the beer, appellant ran to a nearby waiting automobile and made an escape.

## I

The indictment alleged:

"[Appellant] did commit theft by obtaining or exercising unauthorized control over the property of Photios Hasiotis, namely, one six-pack of Budweiser beer, with the intent to deprive him thereof by using physical force against the said Photios Hasiotis with the intent to prevent or overcome resistance to the retention of the property immediately after the taking and by intentionally inflicting bodily injury on the said Photios Hasiotis at the time of the theft." [1]

Appellant seasonably filed motions for judgment of acquittal or, alternatively, for a new trial, both premised on the ground that the evidence was insufficient to show that appellant used force against the owner with the intent to retain the beer, since appellant had already dropped it and had made no attempt to recover it after striking Mr. Hasiotis.

When reviewing the denials of such motions, the appellate court must view the evidence in the light most favorable to the prosecution. *State v. Blier*, Me., 371 A.2d 1091, 1092 (1977). It is clear in this case that the jury could have reasonably inferred from the evidence that the appellant struck Mr. Hasiotis with the intent to prevent him from recovering the stolen beer. Despite the appellant's argument to the contrary, a jury question was thus generated.

## II

Appellant next argues that the jury was incorrectly instructed, and that his requested instruction should have been given. Had this been done, it would have allowed the jury to find that when the beer was dropped, appellant had "abandoned" the theft, and that the striking of Mr. Hasiotis was only for the purpose of escape and not

---

1. "1. A person is guilty of robbery if he commits or attempts to commit theft and at the time of his actions:

   B. He threatens to use force against any person present with the intent
   (1) to prevent or overcome resistance to the taking of the property, or to the retention of the property immediately after the taking . . . .

   C. He uses physical force on another with the intent enumerated in paragraph B, subparagraphs (1) or (2),
   D. He intentionally inflicts or attempts to inflict bodily injury on another. . . ."
   17–A M.R.S.A. § 651(1)(B)(1), (C), (D).

with the intent delineated in 17–A M.R.S.A. § 651(1)(B)(1).

Appellant argues that once a person has abandoned a theft, the use of force for the purpose of escape does not occur "at the time of his actions" within the meaning of 17–A M.R.S.A. § 651 and, therefore, does not convert the completed theft into robbery. In this view, appellant could only have been guilty of robbery if he struck Mr. Hasiotis "with the intent . . . to prevent or overcome resistance to the taking of the property, or to the retention of the property immediately after the taking."

It is not necessary to decide here to what extent, if any, § 651(1)(D) applies when force is used only to facilitate escape or to prevent subsequent detection because, even if we were to accept the appellant's interpretation of § 651, his appeal could not be sustained. The appellant objects primarily to the instruction that if "there was a complete voluntary abandonment of the crime . . . the defendant would not be guilty of robbery." Appellant argues that a crime can be abandoned involuntarily as well.

■■ When stolen property is relinquished only because the thief is being threatened or pursued, it could be said that such abandonment is "involuntary"; on the other hand, it could also be said that such abandonment is "voluntary" unless the thief attempts to retain the property by use of force. In this case, the presiding Justice twice explained "voluntary abandonment" by emphasizing that it would mean that Young "had decided he wasn't going to steal the beer," that "he was calling an end to the commission of the crime of theft and . . . would have left that property . . . if the store owner had not in any way interfered with him." The Justice then instructed the jury that it should find the appellant guilty of robbery if it found that

> "the only reason that the beer was dropped . . . was because [the appellant] was interrupted in his flight from the store and . . . so that he could overcome the resistance to the taking . . . or the retention of the property . . . ."

It was clearly correct to require the jury to find that the appellant had abandoned any intention of taking the beer. If he had not, it must be assumed that he would have picked it up again, if his blow to Mr. Hasiotis had given him the chance. This would be true even if his intent in striking Mr. Hasiotis was solely to facilitate his escape. When the abandonment of stolen property and the use of force occur so closely in time and space that the use of force does or clearly could serve the purpose of overcoming resistance to the retaking thereof, it could conceivably be a defense that the force was intended primarily to facilitate escape, but only provided intent to retain the property has clearly been abandoned.

A similar conclusion was reached by the Nevada Supreme Court in *Patterson v. Sheriff, Clark County,* 93 Nev. 238, 562 P.2d 1134 (1977), a case involving a purse snatcher who was "grabbed" by the woman's companion while he tried to run away. The Nevada statute specifically excluded from robbery the use of force to facilitate escape,[2] yet the Nevada Court held in *Patterson* that "it is irrelevant whether Patterson intended the battery to effectuate his escape or to prevent the purse from being retaken, since the latter purpose was in fact served." 562 P.2d at 1135.

In conclusion, the presiding Justice's instructions to the jury did not constitute error. They allowed the jury to find that the appellant had abandoned the stolen beer and would not have taken it even if his use of force had given him the chance. This was as favorable an instruction as the appellant was entitled to.

The entry is:

Appeal denied.

Judgment sustained.

---

**2.** "If [force or fear is] used merely as a means of escape, it does not constitute robbery." NRS 200.380(1).