LAWRENCE E. BAUCOM, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 9826

August 25, 1978                                583 P.2d 1082

*Morgan D. Harris,* Public Defender, and *James B. Gibson,* Deputy Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *H. Leon Simon,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Convicted, by jury verdict, of robbery (NRS 200.380), appellant contends his conviction was not supported by the evidence. We disagree.

The record indicates that on June 5, 1976, the victim, Clarence Davenport, was walking through the El Cortez casino in Las Vegas, Nevada with about $150 in gaming chips in his hands. Appellant bumped into the victim and grabbed a hand full of the victim's chips. The victim grabbed appellant's thumb and attempted to retrieve his chips. A struggle ensued in which appellant repeatedly told the victim, "I am going to cut you. I am going to cut you." Appellant finally escaped from the victim's grasp, taking with him about $35 worth of chips.

The thrust of appellant's argument is that the evidence fails to establish that the chips were taken by "force . . . or fear of injury", as required by NRS 200.380, and thus, the crime, if any, was larceny and not robbery.[1] In our view the facts recited

---

[1]NRS 200.380 provides, in pertinent part:

"1. Robbery is the unlawful taking of personal property from the person of another, or in his presence, against his will, by means of force or violence or fear of injury, immediate or future, to his person or property, or the person or property of a member of his family, or of anyone in his company at the time of the robbery. Such force or fear must be used to obtain or retain possession of

above amply support a taking by both force and fear of injury and, accordingly, appellant's conviction will not be disturbed. Dalie v. State, 94 Nev. 10, 574 P.2d 271 (1978).

The district court judgment is affirmed.

the property, or to prevent or overcome resistance to the taking, in either of which cases the degree of force is immaterial. If used merely as a means of escape, it does not constitute robbery.''