RONALD EUGENE GEBERT, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 5658

May 27, 1969                               454 P.2d 897

*James D. Santini,* Public Defender, *George D. Frame,* Deputy Public Defender, of Las Vegas, for Appellant.

*Harvey Dickerson,* Attorney General, *George E. Franklin, Jr.,* District Attorney, *Charles E. Thompson,* Deputy District Attorney, of Las Vegas, for Respondent.

## OPINION

By the Court, BATJER, J.:

This is an appeal from a judgment of conviction entered upon a jury verdict finding the appellant guilty of the unlawful possession of narcotics.

The appellant was arrested at his apartment in Las Vegas on November 3, 1967. On the day prior to his arrest he visited his friend, Richard Gonzales, and left a package with him for safekeeping. After the appellant's arrest Gonzales examined the package and observed that it contained a gun and a canister. He did not look in the canister, however, he stated upon cross-examination that he believed it contained marijuana. Shortly after making his observations, Gonzales took the package to the Greyhound bus terminal and put it in a locker. Five days later he took the package out of the locker at the bus terminal and put it in a locker at the railroad station. He further testified that after he put the package in the locker at the bus terminal he visited a Mr. Holmes, who advised him to turn it over to the police. On November 14, 1967, the police came to his apartment and asked him if he had any knowledge about the package left with him by the appellant. Gonzales told them he had such knowledge and took them to the railroad station and gave the locker key to Detective Cunningham and assented to the locker being opened. The detective opened the locker and the officers took pictures of it and its contents.

The police officers did not have the appellant's consent to search either the locker or the package, nor did they have a search warrant, although they had ample time to obtain one after receiving their information. At the trial the police officers

testified that they knew what they were looking for, and that they believed the package and its contents belonged to the appellant.

Another police officer, who conducted a positive chemical analysis, identified the contents of the canister as marijuana. He also testified that he had taken photographs of a fingerprint on a packet of cigarette papers inside the canister, which prints matched exemplars taken from the appellant.

The appellant contends that the trial court committed prejudicial error when it (1) failed to instruct the jury on the necessity for corroboration of the testimony of an accomplice even though no such instruction was requested by the appellant; and (2) admitted over the appellant's objection, evidence that was the fruit of an illegal search and seizure.

We first turn to consider whether the trial court was required, *sua sponte,* to instruct the jury on the law concerning corroboration of the testimony of an accomplice. It is to be noted that the appellant's assignment of error is specifically directed at the failure of the trial court to give a desired instruction and we limit our consideration to that particular contention and do not reach the question of whether or not Gonzales was an accomplice of the appellant.

At common law the uncorroborated testimony of an accomplice, if it satisfied the trier of facts of the guilt of the defendant beyond a reasonable doubt, was sufficient to support a conviction. People v. Hermens, 125 N.E.2d 500 (Ill. 1955). NRS 175.291[1] which requires that the testimony of an accomplice be corroborated is statutory in nature and does not arise from any constitutional mandate.

It was the responsibility of the appellant to request the desired instruction. His failure to do so amounts to a waiver of his right to now complain unless the instruction was so necessary to his case that the court *sua sponte* was required to give it. Mears v. State, 83 Nev. 3, 422 P.2d 230 (1967). Appellate consideration is precluded unless the instruction is so necessary to the case that the failure to give it is patently

---

[1]NRS 175.291. "1. A conviction shall not be had on the testimony of an accomplice unless he is corroborated by other evidence which in itself, and without the aid of the testimony of the accomplice, tends to connect the defendant with the commission of the offense; and the corroboration shall not be sufficient if it merely shows the commission of the offense or the circumstances thereof.

"2. An accomplice is hereby defined as one who is liable to prosecution, for the identical offense charged against the defendant on trial in the cause in which the testimony of the accomplice is given."

prejudicial. Garner v. State, 78 Nev. 366, 374 P.2d 525 (1962). Here we find no such prejudice. The instruction which the appellant now insists should have been given is not within the class that must be given *sua sponte* by the trial court.

We next consider the appellant's contention that the marijuana was the fruit of an illegal search and seizure and its admission into evidence resulted in error by the trial court.

Did the appellant have standing to object to its admission? The respondent contends that the appellant had no such standing because the marijuana was obtained by the police officers as the result of the search of the locker and package upon permission given by Gonzales who was the lessee of the locker, and the bailee of the package.

The record seems to indicate that the judge of the trial court agreed with the respondent's position. However, we agree with the appellant's contention that he had standing to object. The appellant is clearly within the purview of Jones v. United States, 362 U.S. 257 (1960), and Dean v. Fogliani, 81 Nev. 541, 407 P.2d 580 (1965). In Jones v. United States, supra, the United States Supreme Court recognized the general rule that in order to qualify as a person aggrieved by an unlawful search and seizure: "[O]ne must have been a victim of a search or seizure, one against whom the search was directed, as distinguished from one who claims prejudice only through the use of evidence gathered as a consequence of a search or seizure directed at someone else." In that case, the court went on to say: "The . . . element in this prosecution. . . . that possession both convicts and confers standing, eliminates any necessity for a preliminary showing of an interest in the *premises searched or the property seized,* which ordinarily is required when standing is challenged." (Emphasis added.)

In order to have the right to claim an unlawful invasion of privacy, we said in Dean v. Fogliani, supra, that the person making the claim "(1) [M]ust be one of the persons against whom the search was directed; or (2) must be one who is charged with illegal possession of the property to be suppressed; or (3) must be anyone who is legitimately on the premises where a search occurs and the fruits of the search are proposed to be used against him." The appellant qualified under requirements one (1) and two (2).

The respondent relied in part on Harper v. State, 84 Nev. 233, 440 P.2d 893 (1968). *Harper* concerned the search of an automobile in which defendant was riding, and seizure of certain evidence found in the automobile which implicated

defendant in a burglary. This court held that since the car in which defendant was riding was a stolen car, within the holding of *Jones,* supra. Harper was one of the class who "by virtue of their wrongful presence, cannot invoke the privacy of the premises searched." However, we went on to say: "Nor does Harper have standing by virtue of the offense charged. The mere possession of an automobile, even though it is stolen, is not a crime, nor does possession standing alone establish guilt." It is otherwise when, as here, the crime is possession of narcotics and possession alone establishes guilt.

Although the appellant had standing to challenge the legality of the search of the locker and package, and the seizure of the marijuana, his challenge must fail.

The appellant argues that Gonzales had actual possession of the package only as a bailee and that he had no authority to consent to a search of the package or a search of the canister containing the marijuana. We disagree and find no illegal search and seizure occurring in this case. The appellant by leaving the package and its contents with Gonzales assumed the risk that Gonzales would allow someone to look inside. Frazier v. Cupp, 394 U.S. 731 (1969).

We find that the appellant's contentions are without merit, and affirm the judgment of the trial court.

COLLINS, C. J., ZENOFF, MOWBRAY, and THOMPSON, JJ., concur.