RONALD E. WILLIAMS, Appellant, v. THE STATE
OF NEVADA, Respondent.

No. 14336

November 10, 1983                    671 P.2d 635

Robert W. Lueck, Las Vegas, for Appellant.

Brian McKay, Attorney General, Carson City; Robert J. Miller, District Attorney, and James Tufteland, Deputy District Attorney, Clark County, for Respondent.

## OPINION

Per Curiam:

Appellant was convicted of two counts of attempted murder. His sentence on each count was enhanced pursuant to NRS 193.165 for his use of a deadly weapon in the commission of the offenses. On appeal, he raises numerous assignments of

error, only two of which merit discussion. Finding no error, we affirm the judgment.

■■■■■■ ■■

Appellant, whose sole defense was alibi, contends that the district court committed reversible error by failing to give an alibi instruction *sua sponte*. We disagree. An instruction in a criminal case need only be given *sua sponte* when its absence would be "patently prejudicial" to the defendant. Globensky v. State, 96 Nev. 113, 117, 605 P.2d 215, 218 (1980); Gebert v. State, 85 Nev. 331, 454 P.2d 897 (1969). Alibi is not a separate, affirmative defense, but is simply a complete and direct denial of the state's case. Alibi evidence is of obvious import to the jury, and needs no further explanation such as that embodied in a typical alibi instruction. We therefore conclude that the absence of a specific alibi instruction is not "patently prejudicial," and that a trial court has no duty to deliver an alibi instruction *sua sponte*. Polito v. State, 71 Nev. 135, 142, 282 P.2d 801, 804 (1955). *See* People v. Freeman, 584, P.2d 533 (Cal. 1978).

' ■■■■■■ ■

Appellant also presents various challenges to the enhancements of his sentence for his use of a deadly weapon. He argues, as he did below, that the use of a deadly weapon is a "necessary element" of attempted murder, so that the enhancements are accordingly precluded under NRS 193.165(3).[1] Appellant seems to base this argument on the factual premise that the vast majority of murders and attempted murders are committed with the use of deadly weapons. Assuming *arguendo* the truth of this premise, it does not lead to the legal conclusion that deadly weapon use is a "necessary element" of murder or attempted murder. Both offenses can be committed without the use of a deadly weapon. *See* LaFave & Scott, Handbook on Criminal Law §68, at 538 (1972). Consequently, the use of a deadly weapon is not a "necessary element" of murder or attempted murder within the meaning of NRS 193.165(3).

We have considered appellant's remaining challenges to the enhancements, and his remaining assignments of error, and have found them to be without merit. Accordingly, we affirm the judgment of conviction.

---

[1] NRS 193.165(3) precludes a weapon enhancement when "the use of a firearm, other deadly weapon or tear gas is a necessary element" of the crime charged.