105 F.3d 668
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Merrill L. WOLFORD, Petitioner-Appellant,
v.
Brenda BURNS, Warden, Respondent-Appellee.
 No. 96-15634.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 12, 1996.*
Decided Jan. 6, 1997.
 
 Before: BROWNING, SKOPIL and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Nevada state prisoner Merrill L. Wolford appeals pro se from the district court's denial of his habeas petition. He contends that the court erred by rejecting his contentions that (1) the state trial court's failure to instruct the jury on manslaughter constituted reversible error; (2) he received ineffective assistance of counsel; and (3) enhancement of his sentence for use of a deadly weapon was unconstitutional. We affirm.
 
 I.
 
 3
 Wolford claims that there is "exceptional evidence of provocation" in this case, and that the trial court's failure to give a manslaughter instruction was reversible error because it deprived him of his due process right to have the jury instructed on his theory of the case. We disagree. It was not reversible error to reject Wolford's proposed manslaughter instruction because the other instructions, taken as a whole, adequately covered Wolford's theory that he was provoked. See Duckett v. Godinez, 67 F.3d 734, 743 (9th Cir.1995), cert. denied, 116 S.Ct. 1549 (1996).
 
 
 4
 Those instructions clearly required the state to prove the absence of adequate provocation beyond a reasonable doubt in order to obtain a first degree murder conviction. Thus, the jury necessarily had to consider Wolford's provocation defense. See Dunckhurst v. Deeds, 859 F.2d 110, 114 (9th Cir.1988); United States v. Alexander, 695 F.2d 398, 401 (9th Cir.1982), cert. denied, 462 U.S. 1108 (1983). Because the jury found that Wolford was guilty of first degree murder, and therefore necessarily determined that there was insufficient provocation to reduce the crime to second degree murder, it cannot be said that the failure to instruct on manslaughter had a "substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619, 623 (1993).
 
 
 5
 Wolford also argues that his murder conviction was obtained in violation of his due process rights because the Nevada trial court's failure to instruct on manslaughter impermissibly relieved the state of its burden of proving the absence of provocation. See Mullaney v. Wilbur, 421 U.S. 684, 704 (1975). We disagree. As indicated above, to find Wolford guilty of first degree rather than second degree murder, the jury necessarily had to find that the state proved beyond a reasonable doubt that Wolford killed Broyles without adequate provocation. No burden was placed on Wolford to show that adequate provocation existed. See Dunckhurst, 859 F.2d at 113.
 
 II.
 
 6
 Wolford argues that his trial counsel was ineffective because he failed to interview or call as a witness a psychologist who met with Wolford shortly after the shooting, and an unidentified emergency room physician who treated Wolford for stress two days prior to the shooting. A review of the record, however, indicates that the district court did not err in determining, without an evidentiary hearing, that the failure to interview or call the psychologist was an informed strategic decision and thus did not constitute ineffective assistance.
 
 
 7
 Further, we conclude that the district court correctly determined that Wolford failed to establish that, but for his counsel's failure to call the unidentified emergency room physician, the outcome of his trial would have been different. On the basis of the evidence introduced at trial, there is no reasonable probability that a different outcome would have resulted had trial counsel interviewed or called the physician. See Strickland v. Washington, 466 U.S. 668, 694 (1984).
 
 
 8
 Wolford also contends that his trial counsel was ineffective for failing to impeach, cross-examine or otherwise rebut two chief prosecution witnesses. The record indicates, however, that Wolford failed to inform counsel of the potential for bias impeachment prior to trial. Counsel should not be held responsible for Wolford's failure to supply him with the essential information necessary to impeach these witnesses for bias. See United States v. Avery, 15 F.3d 816, 818 (9th Cir.1993), cert. denied, 114 S.Ct. 2179 (1994); United States v. Miller, 907 F.2d 994, 999 (10th Cir.1990); Dooley v. Petsock, 816 F.2d 885, 890-91 (3d Cir.), cert. denied, 484 U.S. 863 (1987).
 
 
 9
 Wolford argues that his trial counsel should have pursued a defense of diminished capacity because testimony was available to show that he was on medications for stress and drinking heavily on the day of the murder. We disagree. The record supports the district court's conclusion that evidence of Wolford's allegedly diminished capacity due to intoxication was presented at trial and he was therefore not prejudiced in any way. Moreover, a jury instruction on intoxication was given. Although not couched in terms of "diminished capacity," the instruction adequately informed the jury that Wolford's intoxication could be considered in determining whether he had the requisite intent to be convicted of murder. Wolford's other assertions of ineffective assistance of trial counsel are not cognizable on appeal and we decline to consider them. See Christian v. Rhode, 41 F.3d 461, 469 n. 9 (9th Cir.1994); Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir.1994), cert. denied, 115 S.Ct. 1378 (1995).
 
 
 10
 Wolford also asserts that he received ineffective assistance of appellate counsel because counsel on direct appeal failed to petition the Nevada Supreme Court for rehearing after its adverse decision. Petitions for rehearing, however, are discretionary appeals, not appeals as of right. Nev.S.Ct.R. 40; In re Dunleavy, 769 P.2d 1271, 1272 (Nev.1988). The state is not required to provide counsel in discretionary appeals. Ross v. Moffitt, 417 U.S. 600 (1974). Because Wolford had no constitutional right to counsel in filing a petition for rehearing, he was not deprived of the effective assistance of appellate counsel. See Wainwright v. Torna, 455 U.S. 586, 587-88 (1982) (per curiam) (if no right to counsel, then no right to effective assistance).
 
 III.
 
 11
 Wolford contends that enhancement of his sentence for use of a deadly weapon was unconstitutional because use of a deadly weapon is a necessary element of first degree murder. The district court correctly concluded that this argument lacks merit. Nevada's deadly weapon statute precludes a weapon enhancement when "the use of a firearm, other deadly weapon or tear gas is a necessary element" of the crime charged. Nev.Rev.Stat. § 193.165(3). In Williams v. State, 671 P.2d 635, 636 (Nev.1983), however, the Nevada Supreme Court concluded that use of a deadly weapon is not a "necessary element" of murder or attempted murder within the meaning of the statute. Wolford's attempt to distinguish Williams is unpersuasive. We decline to consider Wolford's remaining arguments regarding enhancement of his sentence for use of a deadly weapon because they were not raised in Wolford's petition, were not addressed by the district court, and are thus not cognizable on appeal. Cacoperdo, 37 F.3d at 507.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Wolford's motion for sanctions against Nevada Deputy Attorney General Robert Wieland is DENIED