135 Nev., Advance Opinion 56

# IN THE SUPREME COURT OF THE STATE OF NEVADA

ARNOLD KEITH ANDERSON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 74076

**FILED**

NOV 27 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

Appeal from a judgment of conviction, pursuant to a jury verdict, of attempted murder with use of a deadly weapon and battery with use of a deadly weapon resulting in substantial bodily harm. Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

*Affirmed.*

Law Office of Lisa Rasmussen and Lisa A. Rasmussen, Las Vegas; Sandra L. Stewart, Las Vegas,
for Appellant.

Aaron D. Ford, Attorney General, Carson City; Steven B. Wolfson, District Attorney, Binu G. Palal, Chief Deputy District Attorney, and Charles W. Thoman, Deputy District Attorney, Clark County,
for Respondent.

BEFORE HARDESTY, STIGLICH and SILVER, JJ.

## OPINION

By the Court, STIGLICH, J.:

The Sixth Amendment to the United States Constitution guarantees a defendant in a criminal prosecution the right to confront the witnesses against him or her. A defendant, however, may forfeit that right

19-48496

if he or she procures the witness's absence by wrongdoing. Appellant Arnold Anderson asserted his right to confrontation when the State sought to admit his daughter's out-of-court statements to an investigator employed by the Clark County District Attorney's Office. Relying on the forfeiture-by-wrongdoing exception to the Confrontation Clause, the trial court admitted the out-of-court statements after finding that the witness was unavailable and Anderson had intentionally deterred the witness from appearing at trial. We take this opportunity to weigh in on the State's burden of proof when invoking the forfeiture-by-wrongdoing exception to the Confrontation Clause, holding the preponderance-of-the-evidence standard is the appropriate burden of proof. Because the district court applied that standard and the record supports its conclusion that the State met its burden, we affirm.

## FACTS AND PROCEDURAL HISTORY

Anderson shot Terry Bolden outside an apartment complex in Las Vegas, striking him in the head, chest, and leg. Bolden's girlfriend, Rhonda Robinson, and Anderson's daughter, Arndaejae Anderson (Arndaejae), witnessed the shooting. Bolden and Robinson identified Anderson as the shooter.

Anderson was charged with attempted murder with use of a deadly weapon, robbery with use of a deadly weapon, and battery with use of a deadly weapon resulting in substantial bodily harm.[1] Anderson has

_____

[1]Anderson was appointed counsel. Three times prior to trial, Anderson sought to have substitute counsel appointed. Anderson ultimately withdrew his first two requests, and when the court denied his third request, Anderson moved to proceed pro se. After a *Faretta* canvas, the trial court granted Anderson's motion. *Faretta v. California*, 422 U.S. 806 (1975). While Anderson challenges the court's failure to grant him

maintained that he has physical evidence showing that he was in California at the time of the shooting—a photo with a time stamp and an automobile repair receipt. Sometime after Anderson was charged, Mark Rafalovich, an investigator with the Clark County District Attorney's Office, visited Arndaejae at a juvenile detention center to interview her about the incident.[2] The deputy district attorney assigned to the case, Arndaejae's defense counsel, and her defense investigator were also present. During the interview, Arndaejae made statements that incriminated Anderson in the shooting. The interview was not recorded or otherwise memorialized.

A five-day trial commenced wherein Anderson represented himself. On the morning of the second day of trial, the State represented to the court that earlier that morning Anderson was recorded on the jail telephone speaking with a female "and telling her to disappear and to leave her phone" so that authorities could not track her.[3] The State alleged that the female was Arndaejae.[4] To support that allegation, the State indicated that it had evidence that Anderson called the same number on August 3 to wish the caller a happy birthday and Arndaejae's birthday is August 3. Arguing that the phone call showed Anderson had procured Arndaejae's absence, the State argued that it should be permitted to introduce Arndaejae's prior statements through Rafalovich. Anderson argued that because he never said his daughter's name during the call, the State could

substitute counsel in this appeal, he does not challenge the trial court's decision to allow him to proceed pro se.

[2]Arndaejae was in custody on an unrelated matter.

[3]The jail telephone recording was played in open court.

[4]The State had been having difficulty locating Arndaejae for trial.

not prove that he was procuring *her* absence. He also represented that he was telling a "friend in a different matter" to disappear for a week.

The court then inquired about the State's efforts to locate Arndaejae. The State conveyed that a warrant was already out for her arrest because she absconded from juvenile probation "a few months ago," her probation officer was actively searching for her, and an investigator with the DA's office was also searching for her. However, a material witness warrant was not issued, and the State could not serve Arndaejae with a subpoena. Anderson objected and argued that he could not have procured her absence because she had already fled, as demonstrated by the existing warrant for absconding from her probation. The court noted Anderson's objection but deferred its ruling until the State was ready to call the witness.

At the end of the second day of trial, the State informed the court that it intended to call Rafalovich the following morning to testify to Arndaejae's out-of-court statements. At that time, the State provided its evidence to the court that Arndaejae was the female on the recorded jail call with Anderson. Relying on the doctrine of forfeiture by wrongdoing, the court allowed the State to call its investigator to testify as to Arndaejae's out-of-court statements. The court found that the State had shown by a preponderance of the evidence that Arndaejae was unavailable because Anderson intentionally deterred her from testifying against him.

On the fourth day of trial, Rafalovich testified as to Arndaejae's statements at the juvenile detention facility. According to Rafalovich, Arndaejae indicated that she witnessed the shooting, identified her father as the shooter, and indicated that he told her to lie about his whereabouts by saying that he was in California.

The jury found Anderson guilty of attempted murder with use of a deadly weapon and battery with use of a deadly weapon resulting in substantial bodily harm. The jury found Anderson not guilty of robbery with use of a deadly weapon. The district court sentenced Anderson to serve consecutive prison terms totaling 20-50 years in the aggregate for the attempted murder and battery convictions.

## DISCUSSION

Anderson argues that the introduction of Arndaejae's out-of-court statements violated his rights under the Sixth Amendment's Confrontation Clause. *See* U.S. Const. amend. VI. The State does not dispute, and we accept without deciding, that Arndaejae's out-of-court statements were testimonial. Rather, the State asserts that Anderson forfeited his right to confront Arndaejae by procuring her absence. Anderson in turn asserts that the State failed to prove by a preponderance of the evidence that Arndaejae was absent because of his actions so as to trigger the forfeiture-by-wrongdoing exception to the Confrontation Clause.[5] Whether a defendant's Confrontation Clause rights were violated is a question of law subject to de novo review. *Chavez v. State*, 125 Nev. 328, 339, 213 P.3d 476, 484 (2009).

The Sixth Amendment's Confrontation Clause provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. It bars admission of "testimonial evidence" unless the witness is unavailable and

---

[5]There are two independent hurdles to admitting out-of-court statements: the Sixth Amendment's Confrontation Clause and Nevada's evidentiary statutes. Anderson does not challenge the admissibility of Arndaejae's statements pursuant to the evidentiary statutes, so we do not address them.

the defendant had a prior opportunity to cross-examine the witness. *Crawford v. Washington*, 541 U.S. 36, 68 (2004). The United States Supreme Court, however, has recognized that a defendant may forfeit the right to confrontation. In particular, "one who obtains the absence of a witness by wrongdoing forfeits the constitutional right to confrontation." *Davis v. Washington*, 547 U.S. 813, 833 (2006). To demonstrate such a forfeiture, the State must "show[ ] that the defendant intended to prevent a witness from testifying." *Giles v. California*, 554 U.S. 355, 361 (2008). Although the Supreme Court has acknowledged forfeiture by wrongdoing as an exception to the Sixth Amendment's confrontation guarantee and addressed the scope of that exception, it has not taken a position on the evidentiary standard that the State must meet to show forfeiture by wrongdoing. *See Davis*, 547 U.S. at 833 (taking "no position on the standards necessary to demonstrate such forfeiture"). This court also has not yet taken a position on that issue. We take this opportunity to do so.

*Preponderance of the evidence is the appropriate standard of proof*

Among the federal circuit and state courts that have grappled with the burden-of-proof issue, the focus has been on whether the appropriate burden is clear and convincing evidence or a more forgiving preponderance of the evidence. *See United States v. Johnson*, 767 F.3d 815, 820-23 (9th Cir. 2014) (discussing the issue and cases addressing it). The overwhelming majority of those courts have held that the preponderance-of-the-evidence standard applies to the forfeiture exception to the Confrontation Clause. *Id.* at 821-23; *see State v. Thompson*, 45 A.3d 605, 615-16 (Conn. 2012) (compiling a list of all states applying the preponderance standard as of 2012).

On one end of the spectrum, the United States Court of Appeals for the Fifth Circuit held in *United States v. Thevis* that the prosecution must prove that a defendant procured the absence of a witness by clear and convincing evidence for the forfeiture exception to apply. 665 F.2d 616, 631 (5th Cir. 1982), *superseded by rule on other grounds as stated in United States v. Nelson*, 242 Fed. App'x 164 (5th Cir. 2007). In doing so, the court reasoned that confrontation rights are important "in testing the reliability of evidence" and the clear-and-convincing-evidence standard typically applies to evidentiary decisions "[w]here reliability of evidence is a primary concern." *Id.* (citing *United States v. Wade*, 388 U.S. 218, 240 (1967) (holding that where defense counsel was not present at a lineup identification, the prosecution must be given an opportunity to prove by clear and convincing evidence that the witness's in-court identification of the defendant was based on observations of the defendant other than the lineup identification)). On the other end of the spectrum, a number of federal circuits apply a preponderance-of-the-evidence standard. In *United States v. Mastrangelo*, for example, the United States Court of Appeals for the Second Circuit opined that the preponderance standard is more suitable because "waiver by misconduct is an issue distinct from the underlying right of confrontation" and a higher standard "might encourage behavior which strikes at the heart of the system of justice itself." 693 F.2d 269, 273 (2d Cir. 1982); *see also United States v. White*, 116 F.3d 903, 912 (D.C. Cir. 1997); *United States v. Houlihan*, 92 F.3d 1271, 1280 (1st Cir. 1996); *Steele v. Taylor*, 684 F.2d 1193, 1202 (6th Cir. 1982) ("A standard that requires the proponent to show that it is more probable than not that the defendant procured the unavailability of the witness is constitutionally sufficient under the due process and confrontation clauses."); *United States v. Balano*,

SUPREME COURT
OF
NEVADA

(O) 1947A

7

618 F.2d 624, 629 (10th Cir. 1979), *overruled on other grounds by Richardson v. United States*, 468 U.S. 317, 325-26 (1984).

We agree with the majority of courts that have considered the issue—the preponderance standard provides the appropriate burden of proof for purposes of the forfeiture-by-wrongdoing exception to the Confrontation Clause. As the United States Supreme Court has observed, the forfeiture-by-wrongdoing exception is not about the reliability of the evidence at issue. *Crawford*, 541 U.S. at 62 (stating that the exception "make[s] no claim to be a surrogate means of assessing reliability"). The exception instead grows out of equitable concerns with allowing a defendant to benefit from his or her own wrongdoing. *Reynolds v. United States*, 98 U.S. 145, 158-59 (1879) (stating that "[t]he Constitution does not guarantee an accused person against the legitimate consequences of his own wrongful acts," harkening back to English common law for the equitable principle "that no one shall be permitted to take advantage of his own wrong"). If the purpose of the forfeiture-by-wrongdoing exception is, as the Supreme Court has said, to permit "courts to protect the integrity of their proceedings," *Davis*, 547 U.S. at 834, a lower standard of proof is fitting. The purpose of, and the equitable concerns underlying, the forfeiture-by-wrongdoing exception would not be served by a high burden of proof that could instead encourage conduct that undermines the integrity of the criminal justice system. And a higher standard is not required to protect the defendant's confrontation rights given the Supreme Court's narrow interpretation of the exception, particularly its intent requirement, as stated in *Giles*, 554 U.S. at 361. *See Johnson*, 767 F.3d at 822 ("The intent requirement thus ensures that the judge's inquiry is focused on whether the defendant intended to compromise the integrity of the proceedings, not on whether the defendant

Supreme Court
of
Nevada

(O) 1947A

8

committed the underlying offense."). For these reasons, we hold that the burden of proof under the forfeiture-by-wrongdoing exception is the preponderance standard. The trial court applied the preponderance standard in this case, so we turn to whether the court erred in concluding that the State produced sufficient evidence to admit Arndaejae's out-of-court statements under the forfeiture-by-wrongdoing exception to the Confrontation Clause.

*The trial court did not err in its application of the forfeiture-by-wrongdoing exception to admit Arndaejae's out-of-court statements*

To apply the forfeiture-by-wrongdoing exception to the Confrontation Clause, the trial court must find by a preponderance of the evidence that the defendant intentionally procured the witness's absence. In making that determination, the district court must conduct a hearing outside of the jury's presence to consider the evidence relevant to the forfeiture-by-wrongdoing exception.

The State described its unsuccessful efforts to locate Arndaejae using an investigator, as well as efforts made by Arndaejae's probation officer. Asserting that Anderson procured her absence, the State produced a recording of a phone call that Anderson placed from the jail to Arndaejae's phone number.[6] During that call, Anderson told the person on the other end of the call "to disappear for a week" and "to leave [her] phone and go someplace else" so that authorities could not track her. But the court also heard that Arndaejae absconded from juvenile probation "a few months" earlier and that a warrant had been issued for her arrest.

---

[6]Although disputed below, Anderson conceded on appeal that the phone number belonged to Arndaejae.

 

Anderson suggests that the State presented insufficient evidence that he procured Arndaejae's absence, pointing to the outstanding warrant for her arrest as the more likely reason that she would not show up for trial. This argument implicates what it means to "procure" a witness's absence. In considering the meaning of "procure," the Court in *Giles* pointed to definitions including "to contrive and effect" and "to endeavour to cause or bring about." 554 U.S. at 360 (emphasis and internal quotation marks omitted). These definitions contemplate an affirmative action by the defendant that brings about the witness's absence. *See Carlson v. Att'y Gen. of Cal.*, 791 F.3d 1003, 1010 (9th Cir. 2015) ("The pertinent Supreme Court authority, then, clearly establishes that the forfeiture-by-wrongdoing doctrine applies where there has been affirmative action on the part of the defendant that produces the desired result, non-appearance by a prospective witness against him in a criminal case."). Thus, we must draw a line between a defendant's mere passive acquiescence in a witness's decision to be absent and a defendant's affirmative effort or collusion with a witness to procure that witness's absence. *See id.* (opining that "[s]imple tolerance of, or failure to foil, a third party's previously expressed decision either to skip town himself rather than testifying or to prevent another witness from appearing does not 'cause' or 'effect' or 'bring about' or 'procure' a witness's absence"); *Commonwealth v. Edwards*, 830 N.E.2d 158, 171 (Mass. 2005) (applying the forfeiture doctrine where "a defendant actively facilitates the carrying out of the witness's independent intent not to testify"). Distinguishing between passive acquiescence and affirmative action ensures that courts apply the forfeiture-by-wrongdoing exception to the Confrontation Clause only where the defendant does more than merely approve of the witness's independent decision not to testify.

*Edwards*, 830 N.E.2d at 171 ("[A] defendant's joint effort with a witness to secure the latter's unavailability, regardless of whether the witness already decided 'on his own' not to testify, may be sufficient to support a finding of forfeiture by wrongdoing."); *see also State v. Maestas*, 412 P.3d 79, 91 (N.M. 2018). Because it is the rare occasion that an absent witness will be present to explain the reason for his or her absence, the causal relationship between the defendant's actions and the witness's absence need not be proven by direct evidence. Rather, circumstantial evidence may be proffered to demonstrate that the witness's absence is "at the very least, . . . a logical outgrowth or foreseeable result of the [defendant's efforts]." *Edwards*, 830 N.E.2d at 171; *see also United States v. Scott*, 284 F.3d 758, 764 (7th Cir. 2002).

We conclude that Anderson's actions indicate more than mere passive acquiescence to Arndaejae's decision to be absent. In his recorded phone call to Arndaejae's phone number, Anderson instructed her to leave her phone so she could not be tracked by law enforcement. This demonstrates by a preponderance of the evidence that Anderson actively worked to keep Arndaejae from the prosecution with the intent that she not testify at his trial. Accordingly, we conclude the trial court did not err in its application of the forfeiture-by-wrongdoing exception to admit Arndaejae's out-of-court statements even though Anderson had no opportunity to confront her regarding the statements.

*Anderson's Sixth Amendment right to counsel was not violated*

Anderson contends that his Sixth Amendment right to counsel was violated when the trial court declined to substitute his appointed counsel. We review the district court decision for an abuse of discretion. *Young v. State*, 120 Nev. 963, 968, 102 P.3d 572, 576 (2004). In *Young*, we

adopted a three-factor test to consider when reviewing a district court's denial of such a motion. *Id.* The three factors are "(1) the extent of the conflict; (2) the adequacy of the inquiry; and (3) the timeliness of the motion." *Id.* (quoting *United States v. Moore*, 159 F.3d 1154, 1158-59 (9th Cir. 1998)).

Throughout the course of the proceedings, Anderson filed three requests to substitute counsel. The requests were timely. And each time Anderson filed a motion for substitution of counsel, the trial court held a *Young* hearing to inquire into the extent of the conflict.[7] The record reflects that the trial court's inquiries into Anderson's conflicts with appointed counsel were thorough and adequate, and evidence supported the trial court's finding that there was not a complete breakdown in the relationship. Therefore, the trial court did not abuse its discretion in denying Anderson's requests.

## CONCLUSION

In sum, we conclude that to apply the forfeiture-by-wrongdoing exception to the Confrontation Clause, a trial court must find by a preponderance of the evidence that a witness is unavailable, the defendant engaged in conduct that procured the witness's unavailability, and the defendant acted with intent to procure the witness's absence. We additionally conclude that the trial court must take evidence and argument from the prosecution and defense outside the presence of the jury to reach

---

[7]Anderson withdrew his first request prior to the hearing. He withdrew his second request after the hearing.

its finding. Because the district court did not err in its application of the exception, we affirm the judgment of conviction.[8]

_Stiglich_, J.
Stiglich

I concur:

_Hardesty_, J.
Hardesty

_____

[8]Anderson also claims that his convictions for both attempted murder and battery are redundant because they stem from the same conduct. In light of this court's holding in _Jackson v. State_, 128 Nev. 598, 291 P.3d 1274 (2012), Anderson's claim fails. In _Jackson_, this court considered whether a defendant's convictions for attempted murder and aggravated battery violated double jeopardy. _Id._ at 601, 291 P.3d at 1276. In concluding that the convictions did not violate the Double Jeopardy Clause, this court rejected the "same conduct" approach and reiterated its adherence to the "same element" test. _Id._ at 608-11, 291 P.3d at 1280-82 (favoring _Blockburger's_ "same element" test).

SUPREME COURT
OF
NEVADA

(O) 1947A

SILVER, J., concurring:

I join with the majority in adopting the doctrine of forfeiture-by-wrongdoing as an exception to the Confrontation Clause. I write separately only to emphasize that in the future, if this exception is to be utilized, the district courts should be mindful to make certain that the State provides details of what efforts were made to procure the witness's presence at trial, and to make detailed findings that the criminal defendant's actions *actually caused* the non-appearance of the witness.

Here, the district court did not, in my view, make adequate findings connecting the State's attempt to procure the witness with Anderson's misconduct of advising the witness to disappear. When utilizing this doctrine in future cases, I believe that there must be a nexus between the two. In this case, it appears that the district court put the cart before the horse. It is completely unclear from the record whether the witness's absence from trial occurred as a result of Anderson's jail call to the witness, or whether it was because she absconded from probation six months prior to trial and had an outstanding warrant for her arrest. This is further complicated by the fact that the State never served the witness with a subpoena advising the witness when to come to court, nor did the State ever apply to the district court for a material witness warrant prior to trial in order to actually procure the adverse witness's presence for trial.

Therefore, under these particular facts, I believe that the district court erred by allowing the district attorney's investigator to testify as to what the witness said during the State's case-in-chief. Nevertheless, because overwhelming evidence of guilt was adduced at

trial, including the victim's and Anderson's girlfriend's testimony that Anderson was the shooter, the error was harmless.

Because I strongly believe that a criminal defendant who obtains the absence of a witness by wrongdoing forfeits the constitutional right to confront that witness, I fully concur with the rationale driving the majority's opinion in this case. Adopting the doctrine of forfeiture-by-wrongdoing as an exception to the Confrontation Clause is sound jurisprudence in my view. Therefore, I respectfully concur.

_____, J.
Silver