# IN THE SUPREME COURT OF THE STATE OF NEVADA

DEVOHN MARKS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 80469

FILED

MAR 17 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict of conspiracy to commit burglary; conspiracy to commit robbery; burglary while in possession of a deadly weapon; robbery with the use of a deadly weapon, victim 60 years of age or older; two counts of robbery with the use of a deadly weapon; battery with the use of a deadly weapon, victim 60 years of age or older; and battery with the use of a deadly weapon. Eighth Judicial District Court, Clark County; Eric Johnson, Judge. Appellant raises four contentions on appeal.[1]

First, appellant argues that insufficient evidence supports the jury's verdict. When reviewing a challenge to the sufficiency of the evidence supporting a criminal conviction, this court considers "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571,

---

[1] Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

SUPREME COURT
OF
NEVADA

(O) 1947A

22-08499

573 (1992) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). This court will not disturb a verdict supported by substantial evidence. *Id.* A conviction may not rest solely on the testimony of an alleged accomplice unless that testimony "is corroborated by other evidence which in itself, and without the aid of the testimony of the accomplice, tends to connect the defendant with the commission of the offense." NRS 175.291(1)

We conclude that sufficient evidence supports the convictions. An accomplice, Antwaine Johnson, testified that appellant helped plan the crime, communicated with Johnson in the time leading up to the robbery, and was one of the armed and masked assailants that committed the burglary and robberies. The victims, one of whom was 69 years old, testified that the two masked assailants battered them, took their property, and took money from the register. Surveillance video and cell phone records were consistent with the accounts of the robbery and Johnson's testimony. The cell phone records showed that appellant and Johnson communicated routinely in the month before the robbery, including minutes before the crime. While it is unclear whether appellant personally battered and robbed two patrons, he is nonetheless liable for those offenses as they were a "reasonably foreseeable consequence of the object of the conspiracy." *Bolden v. State*, 121 Nev. 908, 923, 124 P.3d 191, 201 (2005) (internal quotation marks omitted), *receded from on other grounds by Cortinas v. State*, 124 Nev. 1013, 1026-27, 195 P.3d 315, 324 (2008). In addition, appellant and several others participated in an armed robbery of a bar seven years earlier. Based on this evidence, we reject appellant's assertion that Johnson's testimony was not sufficiently corroborated, *see Heglemeier v. State*, 111 Nev. 1244, 1250, 903 P.2d 799, 803 (1995) (providing that

corroborating evidence is that which "independently connect[s] the defendant with the offense," and may be direct or circumstantial), and conclude that the State put forth sufficient evidence for a rational juror to find beyond a reasonable doubt that appellant committed the charged offenses, *see* NRS 193.165 (providing additional penalty for crimes committed with the use of a deadly weapon); NRS 193.167 (providing additional penalty for batteries and robberies committed against persons 60 years of age or older); NRS 200.380(1) (defining robbery); NRS 200.400(1)(a) (defining battery); NRS 205.060(1) (defining burglary).

Second, appellant argues that the district court abused its discretion in admitting evidence of his participation in a burglary and robbery of another bar seven years before the instant crime. *See Rhymes v. State*, 121 Nev. 17, 21-22, 107 P.3d 1278, 1281 (2005) (reviewing the decision to admit evidence of prior bad acts for abuse of discretion). Evidence of other bad acts is inadmissible to prove the defendant acted in conformity therewith. NRS 48.045(2). However, it may be admissible to prove identity, *id.*, when additional evidence is necessary to establish the identity of the perpetrator, *Reed v. State*, 95 Nev. 190, 193, 591 P.2d 274, 276 (1979).

While Johnson identified appellant at trial, he was an admitted coconspirator and therefore his testimony alone, including his identification, was not sufficient to identify appellant. NRS 175.291(1). Accordingly, prior bad act evidence establishing the identity of the perpetrator became more probative. *See Reed*, 95 Nev. at 193, 591 P.2d at 276. "Evidence of other crimes has strong probative value when there is sufficient evidence of similar characteristics of conduct in each crime to

show the perpetrator of the other crime and the perpetrator of the crime for which the defendant has been charged is one and the same person." *Mayes v. State*, 95 Nev. 140, 142, 591 P.2d 250, 251 (1979). The less similar the charged conduct is with the proffered uncharged conduct, the less probative it is to establishing identity. *Cf. id.* As "similarities can be shown between many acts," *Meek v. State*, 112 Nev. 1288, 1294, 930 P.2d 1104, 1108 (1996), admissible prior uncharged offenses must have "unique features common to the charged and uncharged offenses," or a combination of common factors that appear distinct when considered cumulatively, *Mayes*, 95 Nev. at 142, 591 P.2d 251-52 (quoting *People v. Halston*, 444 P.2d 91, 99-100 (Cal. 1968)). "The question is whether significant similarities remain after the acts are considered in some detail." *Meek*, 112 Nev. at 1294, 930 P.2d at 1108. For example, in *Canada v. State*, two bar robberies were considered sufficiently similar because both robberies occurred in deserted bars late at night after one of the perpetrators purchased a beer to case the location, and the bars were subsequently robbed by two perpetrators armed with shotguns, at least one of whom was masked, who violently battered the victims. 104 Nev. 288, 293, 756 P.2d 552, 554-55 (1988).

Here, the 2011 robbery was probative as to the identity of the perpetrator of the charged offenses. Both robberies involved multiple assailants robbing bars that they had cased for days before each robbery, both robberies were conducted when there were very few people in the bars, and during each robbery an assailant jumped over the bar and also robbed

the patrons.[2] The factors upon which the district court relied to conclude that the robberies were sufficiently similar, though not, in and of themselves, rare. Bar robberies commonly involve casing locations, *see, e.g., Johnson v. People*, 384 P.2d 454, 458 (Colo. 1963); *People v. Flint*, 490 N.E.2d 1025, 1026-27 (Ill. Ct. App. 1986); conducting the robbery when there are few witnesses, *see, e.g., Johnson*, 384 P.2d at 458; *Flint*, 490 N.E.2d at 1026-27; *Randolph v. State*, 117 Nev. 970, 974-75, 36 P.3d 424, 427-28 (2001); and an assailant jumping over the bar to access the register, *see, e.g., People v. Cato*, 56 P.2d 1245, 1246 (Cal. Dist. Ct. App. 1936); *State v. Sam*, 761 So. 2d 72, 75 (La. Ct. App. 2000); *Randolph*, 117 Nev. at 974-75, 36 P.3d at 427-28; *State v. Jenkins*, 969 P.2d 1048, 1049 (Or. Ct. App. 1998). But when considered cumulatively, these factors are sufficient to support the district court's conclusion that the robberies were similar enough to be probative of appellant's identity. *See Mayes*, 95 Nev. at 142, 591 P.2d 251-52. The witness testimony, police reports, and judgment of conviction proved the prior bad act by clear and convincing evidence. The probative value of the evidence was not substantially outweighed by the danger of unfair prejudice. *See* NRS 48.035(1). As discussed, there was overwhelming evidence linking appellant with the prior similar robbery. Although the offenses were committed seven years apart, the instant offense was committed only seven months after appellant was released from custody. The prior robbery was not substantially violent or offensive as to

---

[2]As it was not included in the appendices filed on appeal, we presume that the surveillance video of the Torrey Pines robbery supports the district court's conclusions. *See Greene v. State*, 96 Nev. 555, 558, 612 P.2d 686, 688 (1980) ("The burden to make a proper appellate record rests on appellant.").

"rouse the jury to overmasting hostility." *Randolph v. State*, 136 Nev. 659, 665, 477 P.3d 342, 349 (2020) (quoting *State v. Castro*, 756 P.2d 1033, 1041 (Haw. 1988)); *see also Old Chief v. United States*, 519 U.S. 172, 180 (1997) ("'[U]nfair prejudice,' as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged."). Accordingly, the district court did not abuse its discretion in admitting the evidence of the prior robbery.[3] Additionally, considering Johnson's testimony and the cell phone tower evidence any error in admitting the prior bad act evidence was harmless. *See* NRS 178.598.

Third, appellant argues that the district court abused its discretion in denying his motion for new counsel. *See Anderson v. State*, 135 Nev. 417, 424, 453 P.3d 380, 386 (2019) (reviewing denial of motion for substitute counsel for abuse of discretion). Appellant did not demonstrate that the disagreement between counsel and appellant over the decision to litigate pretrial motions rose to the level of a "complete collapse of the attorney-client relationship." *Young v. State*, 120 Nev. 963, 969, 102 P.3d 572, 576 (2004); *see also Gallego v. State*, 117 Nev. 348, 363, 23 P.3d 227, 238 (2001) (recognizing that a dispute over trial strategy alone does not amount to a conflict of interest), *abrogated on other grounds by Nunnery v. State*, 127 Nev. 749, 263 P.3d 235 (2011). The district court's inquiry was sufficient to address the concerns raised by appellant and counsel. The

---

[3]To the extent appellant argues that the district court failed to provide a limiting instruction before admitting evidence of the prior robbery, he did not object below and has not shown plain error affecting his substantial rights. *Tavares v. State*, 117 Nev. 725, 729, 30 P.3d 1128, 1130-31 (2001).

court addressed appellant's concerns over several hearings while providing counsel and appellant repeated opportunities to discuss appellant's concerns and trial strategy. Therefore, we conclude that the district court adequately inquired into the grounds for the motion to withdraw, appellant's reason for seeking withdrawal lacked merit, and the conflict did not prevent counsel from presenting an adequate defense or result in an unjust verdict. *See Young*, 120 Nev. at 968, 102 P.3d at 576 (noting that this court considers "(1) the extent of the conflict; (2) the adequacy of the inquiry; and (3) the timeliness of the motion" when reviewing a district court decision (quoting *United States v. Moore*, 159 F.3d 1154, 1158-59 (9th Cir. 1998))).

Fourth, appellant argues that the district court should have instructed the jury that accomplice testimony must be corroborated. We discern no plain error. *See Flanagan v. State*, 112 Nev. 1409, 1423, 930 P.2d 691, 700 (1996) ("Failure to object or to request an instruction precludes appellate review, unless the error is patently prejudicial and requires the court to act sua sponte to protect a defendant's right to a fair trial."). The given instruction, which exhaustively defined corroborating evidence, contained language that implicitly required that the testimony be corroborated. Thus, appellant did not demonstrate that the failure to include this language in the instruction was patently prejudicial. *See Gerbert v. State*, 85 Nev. 331, 333-34, 454 P.2d 897, 898-99 (1969) (recognizing that instruction that accomplice testimony must be corroborated was not so necessary that the failure to give it is patently prejudicial). Further, as discussed above, there was sufficient evidence introduced at trial to corroborate Johnson's testimony.

SUPREME COURT
OF
NEVADA

(O) 1947A

Having considered appellant's contentions and concluding that they lack merit, we

ORDER the judgment of conviction AFFIRMED.[4]

_____, C.J.
Parraguirre

_____, J.          _____, Sr.J.
Stiglich                                              Gibbons

cc:    Hon. Eric Johnson, District Judge
       Mario D. Valencia
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

---

[4]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.